[No. S024431. Oct. 5, 1992.]

RONALD CAMPER, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD, J. C. PENNEY
COMPANY, INC., et al., Respondents.

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

## COUNSEL

Mastagni, Holstedt & Chiurazzi, Barbara M. Jacobson, Kim Cantil-Cohen and Madeline Kim Scates for Petitioner.

Hanna, Brophy, MacLean, McAleer & Jensen and D. Pat McAleer for Respondents.

## OPINION

**PANELLI, J.**—This case presents the question of whether the 45-day period within which to file a petition for writ of review from a decision of the Workers' Compensation Appeal Board (WCAB) specified by Labor Code section 5950 is extended by the provisions of Code of Civil Procedure section 1013. Section 1013 extends the time within which certain actions must be taken in response to a document served by mail. We granted review to resolve a conflict in our appellate courts regarding the answer to this question. We conclude that the deadline set forth in Labor Code section 5950 is not extended by the provisions of Code of Civil Procedure section 1013. Therefore, we agree with the Court of Appeal that petitioner's petition for writ of review was untimely. Nevertheless, we also conclude that, due to reliance by the petitioner on consistent authority to the contrary at the time he filed his petition, our decision will apply prospectively only. For this reason, we reverse the judgment of the Court of Appeal and direct it to consider petitioner's petition for writ of review on the merits.

### I. BACKGROUND

This case arises out of a workers' compensation claim, alleging specific and cumulative back injuries, filed by Ronald Camper (Camper) in 1989. Because we have limited our review in this case to the procedural question stated above, a review of the facts relating to Camper's injury and the merits of the decision of the WCAB is unnecessary.

On December 12, 1990, the workers' compensation judge (WCJ) issued a decision, which contained findings of specific, but not cumulative, injury.

Camper moved for reconsideration of the decision on January 4, 1991. The WCAB agreed to reconsider the decision. On July 24, 1991, the WCAB filed its opinion following reconsideration, which was served upon Camper by mail on the same date. The opinion essentially confirmed the decision of the WCJ.

On September 12, 1991, 50 days after the WCAB filed its opinion, Camper filed a petition for writ of review in the Court of Appeal for the Third Appellate District. The procedure for obtaining judicial review of an opinion of the WCAB is set forth in Labor Code section 5950. That section provides in pertinent part: "The application for writ of review must be made within 45 days after a petition for reconsideration is denied, or, if a petition is granted or reconsideration is had on the appeal board's own motion, within 45 days after the filing of the order, decision, or award following reconsideration."[1] Since Camper's petition was filed *50*, not *45*, days after the WCAB's opinion was filed, his petition is untimely unless the deadline set forth in Labor Code section 5950 is extended for at least 5 days for some reason.

Camper relied upon the provisions of section 1013 to extend the deadline. That section provides in pertinent part: "[A]ny prescribed period of notice and any right or duty to do any act or make any response within any prescribed period or on a date certain after the service of [a] document served by mail shall be extended five days if the place of address [of the party served] is within the State of California . . . ." (Code Civ. Proc., § 1013, subd. (a).)[2]

The Court of Appeal, however, found that Code of Civil Procedure section 1013 was not applicable and that Camper's petition was untimely. On

---

[1]Labor Code section 5950 provides in full: "Any person affected by an order, decision, or award of the appeals board may, within the time limit specified in this section, apply to the Supreme Court or to the court of appeal in the appellate district in which he resides, for a writ of review, for the purpose of inquiring into and determining the lawfulness of the original order, decision, or award or of the order, decision, or award following reconsideration. The application for writ of review must be made within 45 days after a petition for reconsideration is denied, or, if a petition is granted or reconsideration is had on the appeal board's own motion, within 45 days after the filing of the order, decision, or award following reconsideration."

[2]Code of Civil Procedure section 1013 provides in full: "(a) In case of service by mail, the notice or other paper must be deposited in a post office, mailbox, sub-post office, substation, or mail chute, or other like facility regularly maintained by the United States Postal Service, in a sealed envelope, with postage paid, addressed to the person on whom it is to be served, at his office address as last given by him on any document which he has filed in the cause and served on the party making the service by mail; otherwise at his place of residence. The service is complete at the time of deposit, but any prescribed period of notice and any right or duty to do any act or make any response within any prescribed period or on any date certain after the service of such document served by mail shall be extended five days if the place of address is within the State of California, 10 days if the place of address is outside the State of

December 12, 1991, the Court of Appeal filed an order denying petitioner's writ. In support of its order, the court cited a decision of the Court of Appeal for the First Appellate District, Division One, *Southwest Airlines* v. *Workers' Comp. Appeals Bd.* (1991) 234 Cal.App.3d 1421 [286 Cal.Rptr. 347] (*Southwest Airlines*).

*Southwest Airlines, supra,* 234 Cal.App.3d 1421, was decided on October 7, 1991, *after* Camper filed his petition. *Southwest Airlines* held that Code of Civil Procedure section 1013 *does not* operate to extend the time for filing a petition for writ of review pursuant to Labor Code section 5950. Prior to *Southwest Airlines,* the three published decisions that specifically addressed this issue each held that section 1013 *does* extend the time for filing a petition for writ of review pursuant to section 5950. (*Villa* v. *Workers' Comp. Appeals Bd.* (1984) 156 Cal.App.3d 1076, 1078 [203 Cal.Rptr. 26] [*Villa*] [Court of Appeal for the Second Appellate District, Division Six]; *Hinkle* v. *Workers' Comp. Appeals Bd.* (1985) 175 Cal.App.3d 587, 589 [221 Cal.Rptr. 40] [*Hinkle*] [Court of Appeal for the Fourth Appellate District, Division Two]; *Postural Therapeutics* v. *Workers' Comp. Appeals Bd.* (1986) 179 Cal.App.3d 551, 554, fn. 4 [224 Cal.Rptr. 860] [Court of Appeal for the Fourth Appellate District, Division Three].)[3]

Shortly after the Court of Appeal for the Third Appellate District denied Camper's petition, it issued its decision in *Malloy* v. *Workers' Comp. Appeals Bd.* (1991) 1 Cal.App.4th 1658 [2 Cal.Rptr.2d 820] (*Malloy*). Consistent with

California but within the United States, and 20 days if the place of address is outside the United States, but such extension shall not apply to extend the time for filing notice of intention to move for new trial, notice of intention to move to vacate judgment pursuant to section 663a of this code or notice of appeal. [¶] (b) The copy of the notice or other paper served by mail pursuant to this chapter shall bear a notation of the date and place of mailing or be accompanied by an unsigned copy of the affidavit or certificate of mailing. The provisions of this subdivision are directory."

[3]The *Villa* and *Hinkle* decisions both refer to the participation of this court. As explained in *Villa*: "This court originally denied the petition as untimely filed; however, on December 28, 1983, the Supreme Court granted Villa's petition for hearing and retransferred the matter to [this] court 'with directions to issue a writ of review to be heard . . . when the proceeding is ordered on calendar. (*Shearer* v. *Superior Court* (1977) 70 Cal.App.3d 424 [138 Cal.Rptr. 824].)" (*Villa, supra,* 156 Cal.App.3d at p. 1077.) The Court of Appeal in *Villa* then proceeded to analyze the question and held that Code of Civil Procedure section 1013 does extend the 45-day time period prescribed by Labor Code section 5950. This court subsequently denied a petition for review of the decision. Similarly, the *Hinkle* court noted: "This court initially denied the petition for writ of review on the ground the petition was not timely filed. However, the California Supreme Court granted review and retransferred the case to this court with directions to issue a writ of review citing *Villa* [*supra,* 156 Cal.App.3d 1076], which held the time for filing a petition for writ of review is extended by the provisions of Code of Civil Procedure section 1013. (*Id.* at pp. 1078-1079.) We issued the writ of review as directed, and the matter is now before us for disposition." (*Hinkle, supra,* 175 Cal.App.3d at p. 589.) The *Hinkle* court did not consider this issue further.

both the order in Camper's case and *Southwest Airlines, supra,* 234 Cal.App.3d 1421, *Malloy* also held that the 45-day time period for filing a petition for writ of review pursuant to Labor Code section 5950 is not extended by Code of Civil Procedure section 1013.

Camper filed a petition for review in this court seeking to reverse the judgment of the Court of Appeal. We granted review with the limitation that: "[t]he issue to be argued before this court shall be limited to whether the 45-day period in which to file a petition for writ of review from a [WCAB] decision is extended by the provisions of Code of Civil Procedure Section 1013."

Subsequent to our order granting review, the Court of Appeal for the Second Appellate District, Division Six, issued its decision in *Paneno v. Workers' Comp. Appeals Bd.* (1992) 4 Cal.App.4th 136 [5 Cal.Rptr. 461] (*Paneno*). This decision explicitly overruled that court's prior decision in *Villa, supra,* 156 Cal.App.3d 1076, and adopted the holding of *Southwest Airlines, supra,* 234 Cal.App.3d 1421. The two remaining decisions holding that section 1013 operates to extend the time limit set forth in Labor Code section 5950 do so without analysis. (*Hinkle, supra,* 175 Cal.App.3d at p. 589; *Postural Therapeutics v. Workers' Comp. Appeals Bd., supra,* 179 Cal.App.3d 551, 554, fn. 4.)

It is in this posture that the case comes before us for resolution of the narrow issue on which we granted review.

## II. DISCUSSION

### A. *The 45-day Time Period Set Forth in Labor Code Section 5950 Is Not Extended by Code of Civil Procedure Section 1013.*

 The 45-day time period specified in section 5950 runs from the time "a petition for review is *denied*" or from the "*filing* of [a]n order, decision, or award following reconsideration." (Lab. Code, § 5950, italics added.) There is no reference in this statute to service. The operative trigger of the time period set forth in section 5950 is the *filing* of the order.[4] "[T]he cases have consistently held that where a prescribed time period is commenced by some circumstance, act or occurrence other than service then [Code of Civil Procedure] section 1013 will not apply. [Citations.] [¶] On the

---

[4]"Although [Labor Code section 5950] uses the word 'filing' only with respect to an order, decision or award following reconsideration, any reasonable sense of semantics dictates that 'a petition for reconsideration is denied' within the meaning of the statute when it is filed." (*Southwest Airlines, supra,* 234 Cal.App.3d at p. 1426.) We agree with this analysis.

other hand, where a prescribed time period is triggered by the term 'service' of a notice, document or request then section 1013 will extend the period. [Citations.]" (*Citicorp North America, Inc.* v. *Superior Court* (1989) 213 Cal.App.3d 563, 567 [261 Cal.Rptr. 668], footnote omitted, quoted with approval in *Southwest Airlines, supra,* 234 Cal.App.3d at p. 1426.) As the most recent appellate court decisions on this subject have recognized, the very language of Labor Code section 5950 renders Code of Civil Procedure section 1013 inapplicable to the 45-day time period for filing a petition for writ of review. (*Southwest Airlines, supra,* 234 Cal.App.3d at pp. 1425-1427; *Malloy, supra,* 1 Cal.App.4th at pp. 1660-1661; *Paneno, supra,* 4 Cal.App.4th at pp. 146-148.)

Drawing upon the reasoning set forth in *Villa, supra,* 156 Cal.App.3d at page 1078, Camper urges that Labor Code section 5950 must be read in light of other statutes and regulations that require the WCAB to serve its orders upon parties appearing before it and which permit such service to be accomplished by mail. (See Lab. Code, § 5316; Cal. Code Regs., tit. 8, §§ 10500, 10507.)[5] The authorities cited by Camper are not dispositive of the issue presented here. "These provisions do not state that the statutory time for filing a petition for writ of review shall run from *service* of an order, rather than from the *filing* of an order as expressly set forth in [Labor Code] section 5950." (*Southwest Airlines, supra,* 234 Cal.App.3d at p. 1424, italics in original.) In particular, section 10507 of the applicable regulations does not purport to define when a time period is triggered by service; instead, it merely provides that when "service" is the specified trigger, then section 1013 applies. (Cal. Code Regs., tit. 8, § 10507.) The authorities cited by Camper simply cannot rewrite the trigger expressly set forth by the Legislature in Labor Code section 5950.

Camper also argues that our recent decision in *Poster* v. *Southern Cal. Rapid Transit Dist.* (1990) 52 Cal.3d 266 [276 Cal.Rptr. 321, 801 P.2d 1072] (*Poster*) supports his contention that, when read in light of the statutes and regulations discussed above, the 45-day period prescribed by Labor Code section 5950 is extended pursuant to Code of Civil Procedure section 1013.

---

[5]Labor Code section 5316 provides in pertinent part: "Any notice, order, or decision required by this division to be served upon any person either before, during, or after the institution of any proceeding before the appeals board, may be served in the manner provided by Chapter 5, Title 14 of Part 2 of the Code of Civil Procedure. . . ." Section 1013 is included in Chapter 5, Title 14 of Part 2 of the Code of Civil Procedure.

California Code of Regulations, title 8, section 10500 provides in pertinent part: "The [WCAB] shall serve a copy of the notice of time and place of hearing and all findings, orders, decisions and awards upon the parties and their attorneys or representatives of record by mail at their addresses of record or by personal service."

California Code of Regulations, title 8, section 10507 states: "The requirements of Code of Civil Procedure Section 1013 shall govern all service by mail."

Contrary to Camper's argument, the *Poster* decision is clearly distinguishable. In *Poster*, we held that the 30-day period for the acceptance of a statutory settlement offer pursuant to Code of Civil Procedure section 998 is extended by section 1013 when it is served by mail. Section 998 provides that the applicable time period runs from the time that the offer is "made." We reasoned that "[b]ecause an offeror 'makes' the offer by serving it in writing, when a section 998 offer is served by mail it is clear that the statutory period for response runs from the service by mail." (*Poster, supra,* 52 Cal.3d at p. 274, fn. 4.) As the offer cannot be "made" without communicating it through service, the trigger adopted by the Legislature for the prescribed time period in section 998 necessarily included service; the same cannot be said about the trigger adopted for Labor Code section 5950. Filing is accomplished independently of service.

Moreover, even if we were persuaded by Camper's argument that Labor Code section 5950, when read in light of the rules of practice of the WCAB, incorporates the extensions of time set forth in section 1013, we would hold that these extensions do not apply to the 45-day period in question. "Consistent with the Legislature's exemption of notices of appeal [from the extension provided in connection with service by mail], Code of Civil Procedure section 1013 has been held to be inapplicable to other statutes that set forth jurisdictional deadlines." (*Poster, supra,* 52 Cal.3d at p. 274.) Although Camper argues to the contrary, it is now too well established to question that the time limitation set forth in Labor Code section 5950 is jurisdictional. (E.g., *Southwest Airlines, supra,* 234 Cal.App.3d at p. 1424 and cases cited therein; *Malloy, supra,* 1 Cal.App.4th at p. 1661 and cases cited therein.)

Finally, we observe that neither the statutes and regulations cited by the *Villa* court, which are analyzed above, nor the case law cited by that court support its holding. (*Villa, supra,* 156 Cal.App.3d 1076; see *Southwest Airlines, supra,* 234 Cal.App.3d at p. 1428; see also *id.* at pp. 1429-1430.) First, *Shearer* v. *Superior Court, supra,* 70 Cal.App.3d 424 (*Shearer*), even though cited by this court in its order in the *Villa* case, is obviously distinguishable. (*Southwest Airlines, supra,* 234 Cal.App.3d at pp. 1428-1429.) In *Shearer,* the question presented was whether the provisions of Code of Civil Procedure section 1013 extended the time period set forth in Code of Civil Procedure section 418.10, subdivision (c), during which a defendant may file a writ of mandate for review of a denial of a motion to quash. (*Shearer, supra,* 70 Cal.App.3d at p. 426.) Section 418.10 provided at that time in pertinent part: "the defendant, *within 10 days after service* upon him of a written notice of entry of an order of the court denying his motion . . . may petition an appropriate reviewing court for a writ of mandate to

require the trial court to enter its order quashing the service of summons . . . ." (*Shearer, supra,* 70 Cal.App.3d at p. 426, italics added, internal quotation marks omitted.) In contrast to Labor Code section 5950, the trigger of section 418.10 is clearly service; therefore, the *Shearer* court correctly held that the extensions available under Code of Civil Procedure section 1013 could extend the 10-day period at issue in that case. (*Shearer, supra,* 70 Cal.App.3d at pp. 426-430.)[6]

Similarly, *State Farm Fire & Casualty Co.* v. *Workers' Comp. Appeals Bd.* (1981) 119 Cal.App.3d 193 [173 Cal.Rptr. 778] (*State Farm*), does not support the holding of *Villa, supra,* 156 Cal.App.3d 1076. In *State Farm,* the appellate court was confronted with the question of whether it possessed jurisdiction to rule upon a petition for writ of review that was filed approximately six months after the WCAB filed its order denying reconsideration. The uncontroverted facts of the case were that the petitioner had not received notice of the order until 44 days before the petition was filed, notwithstanding several timely letters of inquiry sent by the petitioner to the WCAB.

In considering the question of jurisdiction, the appellate court reaffirmed the rules that the 45-day time period of Labor Code section 5950 is jurisdictional and that this time period "starts to run on the date the order or decision is filed, not when it is served." (*State Farm, supra,* 119 Cal.App.3d at pp. 195, 196.) Nevertheless, the court deemed the petition timely filed based on the fact that the petitioner had received *no* notice of the order during the statutorily prescribed time period. (*Id.* at p. 197.) The court explained: "[A] rule that the statutory right to judicial review of [WCAB] decisions is lost by the passage of the 45-day statutory period even though the affected party was not afforded notice of the decision to be reviewed would offend elementary due process principles. We conclude, therefore, that where, as here, notice of the order to be reviewed was not afforded until after expiration of the statutory period in which review could be sought, the running of the statutory period must be deemed to commence with the receipt of notice." (*Ibid.*)

As the appellate court correctly stated in *Southwest Airlines*: "*State Farm* thus does not stand for the proposition that the 45-day period set forth in [Labor Code] section 5950 ordinarily starts to run from service of the Board's order. Rather, it sets forth an exception to the rule, dictated by the requirements of due process, for the unusual situation where no notice has

---

[6]We note that *Shearer* had been distinguished on this ground in an analogous context several years prior to the filing of Camper's petition. (See *Tielsch* v. *City of Anaheim* (1984) 160 Cal.App.3d 576, 580 [206 Cal.Rptr. 740] [contrasting section 1094.6 and Labor Code section 1160.8 with the statute construed in *Shearer*].)

been received during the statutory period, and in fact supports both our view that ordinarily the time period commences to run upon the denial of reconsideration and the proposition that administrative regulations do not affect this rule." (*Southwest Airlines, supra,* 234 Cal.App.3d at p. 1430.)

For all of these reasons, the *Villa* rule is hereby expressly disapproved. Code of Civil Procedure section 1013 does not extend the time for filing a petition for review pursuant to Labor Code section 5950.[7]

B. *Our Decision Will Be Given Prospective Effect Only.*

██ Camper argues that, if we hold that the 45-day time period in which to file a petition for writ of review is not extended by the provisions of section 1013, our decision should be applied prospectively only, because our holding will result in hardship for all litigants who relied upon the contrary rule announced in *Villa, supra,* 156 Cal.App.3d 1076. Given that for seven years the rule enunciated in *Villa* was unanimous and unquestioned in this state and that the regulations of the WCAB can be interpreted to support this rule, we agree that our decision should be applied prospectively.

██ The general rule is that judicial decisions are given retroactive effect. (E.g., *Newman* v. *Emerson Radio Corp.* (1989) 48 Cal.3d 973, 978 [258 Cal.Rptr. 592, 772 P.2d 1059] [*Newman*].) This rule, however, is not an absolute one and certain narrow exceptions to the rule have been recognized. (*Id.* at pp. 979, 983; *Woods* v. *Young* (1991) 53 Cal.3d 315, 330 [279 Cal.Rptr. 613, 807 P.2d 455] [*Woods*].) Several factors are relevant in determining whether an exception to the general rule of retroactivity is warranted, including: "the reasonableness of the parties' reliance on the former rule, the nature of the change as substantive or procedural, retroactivity's effect on the administration of justice, and the purposes to be served by the new rule. [Citations.]" (*Woods, supra,* 53 Cal.3d at p. 330.) In this case, these factors support an exception to the general rule.

██ First, reasonable reliance by litigants upon the *Villa* rule supports prospective application of the rule adopted herein. (*Paneno, supra,* 4 Cal.App.4th at p. 148 [applying decision overruling *Villa* prospectively because of reasonable reliance by litigants upon the former rule].) Prior to the decision in *Southwest Airlines, supra,* 234 Cal.App.3d 1421, the accepted

---

[7]Camper also argues that, unless Labor Code section 5950 is interpreted to incorporate the extensions of time provided by Code of Civil Procedure section 1013, Labor Code section 5950 violates "due process requirements of notice." Because this argument is not properly before us, we decline to address it on the merits. Camper did not raise the due process issue in his petition for review. Moreover, the due process issue is not fairly within the scope of our order limiting the issues to be argued in this case.

rule in the Courts of Appeal was that Code of Civil Procedure section 1013 extended the time in which to file a petition for writ of review pursuant to Labor Code section 5950. (*Villa, supra,* 156 Cal.App.3d 1076; *Hinkle, supra,* 175 Cal.App.3d 587; *Postural Therapeutics* v. *Workers' Comp. Appeals Bd., supra,* 179 Cal.App.3d 551.)[8] Moreover, although we have rejected petitioner's argument relating to this point, we recognize that practitioners may have construed the regulations of the WCAB to embrace the *Villa* rule. (Cal. Code Regs., tit. 8, §§ 10500, 10507; see also, *ante,* at p. 685, fn. 5.) We, therefore, find that these authorities established a rule upon which a petitioner, such as Camper, could reasonably have relied in determining when to file a writ of review pursuant to Labor Code section 5950. (*Woods, supra,* 53 Cal.3d at p. 330; *Newman, supra,* 48 Cal.3d at p. 983.)

Limiting the retroactivity of our decision is also supported by the fact that the rule involved in this case is essentially a procedural one. (*Woods, supra,* 53 Cal.3d at p. 330.) The change affects only the calculation of the date before which a petitioner must file a writ of review pursuant to Labor Code section 5950. We have previously applied such procedural changes prospectively only. (*Woods, supra,* 53 Cal.3d at p. 330 [statute of limitations].)

The next factor, concern for the administration of justice, also supports prospective application of our decision. There are numerous workers' compensation actions pending in this state. We, therefore, anticipate that many pending writs of review could be adversely affected by our decision. "Justice is not served by barring so many actions that reasonably appeared timely when filed. [Citations.]" (*Woods, supra,* 53 Cal.3d at p. 331.)

Finally, as stated in *Woods, supra,* 53 Cal.3d at page 331: "[t]he purposes of the new rules announced in this decision are to harmonize statutory provisions and to resolve a division of authority in the Courts of Appeal. These important objectives are not compromised by prospective application of the new rule."

---

[8]Petitioner urges that its reliance on the rule enunciated in *Villa, supra,* 156 Cal.App.3d 1076, is further supported by the actions of this court in connection with the *Villa* and *Hinkle, supra,* 175 Cal.App.3d 587, decisions. To the contrary, prior to the present opinion, this court had expressed no opinion regarding its views on the issue presented by this case. First, we reiterate the well-established rule in this state that a denial of a petition for review is not an expression of opinion of the Supreme Court on the merits of the case. (E.g., *People* v. *Davis* (1905) 147 Cal. 346, 350 [81 P. 718]; *People* v. *Triggs* (1973) 8 Cal.3d 884, 890-891 [106 Cal.Rptr. 408, 506 P.2d 232]; see also Advisory Com. Comment, Cal. Rules of Court, rule 28.) Neither the bar nor the lower courts should have read as an indication of agreement with *Villa,* our decision to deny review. Similarly, "grant and transfer" orders, such as the ones issued by this court in *Villa* and *Hinkle,* do not constitute an expression of an opinion by this court on the issues presented by the case. In cases where the Court of Appeal has issued a summary denial, this court is simply stating by its order that it desires a discussion and an analysis of the issue by the appellate court.

Review of the relevant factors demonstrates that an exception to the general rule of retrospective application of decisions is warranted in this particular case. Therefore, our holding—that the time in which to file a petition for writ of review pursuant to Labor Code section 5950 is not extended by the provisions of Code of Civil Procedure section 1013—shall apply only to petitions for writs of review filed after the date on which this decision becomes final.

### III. Disposition

■ In summary, we conclude that section 1013 does not operate to extend the 45-day time period prescribed by Labor Code section 5950 in which to file a petition for review. *Villa, supra*, 156 Cal.App.3d 1076, *Hinkle, supra*, 175 Cal.App.3d 587, and *Postural Therapeutics* v. *Workers' Comp. Appeals Bd., supra*, 179 Cal.App.3d 551, are disapproved to the extent that they are inconsistent with this holding. We also conclude that our decision should not be given retroactive effect and that our holding shall apply only to petitions filed after the date that this decision becomes final. Therefore, we reverse the judgment of the Court of Appeal and direct it to consider the merits of petitioner's petition for review.

Lucas, C. J., Mosk, J., Kennard, J., Arabian, J., Baxter, J., and George, J., concurred.