Filed 9/28/18; Certified for Publication 10/25/18 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| RAAM CONSTRUCTION, INC.,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>OCCUPATIONAL SAFETY AND HEALTH APPEALS BOARD,<br><br>    Defendant and Respondent;<br><br>DEPARTMENT OF INDUSTRIAL RELATIONS, DIVISION OF OCCUPATIONAL SAFETY AND HEALTH,<br><br>    Real Party in Interest. | A149734<br><br>(Alameda County<br>Super. Ct. No. RG16810863) |

This is an appeal from judgment after the trial court sustained the demurrer filed by real party in interest Division of Occupational Safety and Health (DOSH) and granted the motion to dismiss filed by defendant Occupational Safety and Health Appeals Board (Appeals Board), without leave to amend, on untimeliness grounds. Plaintiff Raam Construction, Inc. (Raam) challenges these rulings and the resulting judgment of dismissal as a misinterpretation of the applicable statute, Labor Code section 6627. We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

The undisputed facts of this case are quite simple. On June 23, 2014, an inspector from DOSH conducted an inspection of a job site in Oakland at which Raam served as

1

general building contractor. Following this inspection, DOSH cited Raam as a "controlling employer" for a safety violation. (See Lab. Code, § 6317; Cal. Code Regs., tit. 8, § 336.10, subd. (c) ["controlling employer" may be issued citations on multi-employer construction worksites "when [DOSH] has evidence that an employee was exposed to a hazard in violation of any requirement enforceable by [DOSH]"].)[1]

Raam thereafter contested this citation before an administrative law judge (ALJ) of the Appeals Board. (§ 6319.) After the ALJ issued a decision upholding the citation, Raam filed a timely petition for reconsideration with the Appeals Board. On March 4, 2016, the Appeals Board issued a decision denying Raam's petition for reconsideration. On the same day (March 4), the Appeals Board filed this decision and served a copy on Raam via first class mail.

On April 8, 2016, 35 days after the Appeals Board's denial was issued, filed and served, Raam filed a petition for writ of mandate with the Alameda County Superior Court. Both the Appeals Board and DOSH, as real party in interest, challenged Raam's petition for writ of mandate on untimeliness grounds, the former by motion to dismiss and the latter by demurrer. After a contested hearing presided over by Commissioner Thomas Rasch, the demurrer was sustained and the motion to dismiss granted, without leave to amend.

Accordingly, on July 21, 2016, judgment was entered in favor of DOSH and the Appeals Board, and the matter was dismissed. Raam's timely appeal followed.

**DISCUSSION**

Raam contends on appeal, first, that the challenged judgment and underlying order are void because Raam did not stipulate to have a court commissioner hear the matter and, second, that the commissioner misinterpreted the governing statute, section 6627, when dismissing its petition for writ of mandate as untimely. We address each issue below, starting with the statutory interpretation issue, which we review de novo. (*People ex rel. Lockyer v. Shamrock Foods Co.* (2000) 24 Cal.4th 415, 432.)

---

[1] Unless otherwise stated herein, all statutory citations are to the Labor Code.

2

As mentioned, Raam filed the underlying petition for writ of mandate 35 days after the Appeals Board denied its petition for reconsideration of the ALJ's citation decision. Section 6627 states in relevant part: "Any person affected by an order or decision of the appeals board may, within the time limit specified in this section, apply to the superior court of the county in which he resides, for a writ of mandate, for the purpose of inquiring into and determining the lawfulness of the original order or decision or of the order or decision following reconsideration. *The application for writ of mandate must be made within 30 days after a petition for reconsideration is denied, or, if a petition is granted or reconsideration is had on the appeals board's own motion, within 30 days after the filing of the order or decision following reconsideration.*" (Italics added.)

According to Raam, this statute's 30-day limitations period is ambiguous, in part because it "establishes two different deadlines depending upon whether [the Appeals Board] grants or denies the petition for reconsideration." Raam argues that, if such a petition is granted, the writ petition must be filed in superior court "within 30 days of the 'filing' of [the Appeals Board's] order . . . ." If, on the other hand, the Appeals Board denies the petitioner's petition for reconsideration—which occurred here on March 4, 2016—"then the date for filing in court is 30 days 'after a petition for reconsideration is denied [quoting § 6627].' " According to Raam, "the dichotomy established by the Legislature in Labor Code § 6627 between the filing date of a decision and the date when a denial of reconsideration becomes effective should be read to mean 'denial' is effective when the parties are deemed to know of its existence." (Citing Cal. Code Regs., tit. 8, §§ 390.3, subd. (a), 390, subd. (a).)[2] And here, Raam's petition for writ of mandate was filed within 30 days after the company learned of the Appeals Board's denial of its petition for reconsideration.

---

[2] As the Appeals Board notes, the regulations Raam relies upon in making this argument govern challenges to an ALJ ruling that are brought before the Appeals Board rather than, as here, brought in the superior court. (See Cal. Code Regs., tit. 8, §§ 390.3, subd. (a), 390, subd. (a).)

We reject Raam's arguments, finding no ambiguity in the statutory language. Quite simply, section 6627 by its own terms mandates that an "application for writ of mandate must be made within 30 days after a petition for reconsideration is denied, or, if a petition is granted or reconsideration is had on the appeals board's own motion, within 30 days after the filing of the order or decision following reconsideration." We decline Raam's request to read anything more, or different, into this straightforward provision. (*Lungren v. Deukmejian* (1988) 45 Cal.3d 727, 735 ["If the language is clear and unambiguous there is no need for construction, nor is it necessary to resort to indicia of the intent of the Legislature"].)

Moreover, as DOSH and the Appeals Board note, the California Supreme Court has interpreted another Labor Code provision that is in all significant respects identical to section 6627 and, based on the clear language of the statute, our Supreme Court interpreted the statute in the manner we do here. In *Camper v. Workers' Comp. Appeals Bd*. (1992) 3 Cal.4th 679 (*Camper*), the high court was asked to interpret section 5950, the statute governing the time limits for an aggrieved party to file a petition for review of a Workers' Compensation Appeals Board decision before the Supreme Court or an appellate court. Aside from the different judicial forums (Supreme Court or Court of Appeal versus superior court) and prescribed time limits (45 versus 30 days), the language of section 5950 mirrors that of section 6627.[3] Moreover, there, as here, the petitioner sought to read into the statute a triggering event for the running of the limitations period that was not found in the statutory language itself. Specifically, the petitioner argued section 5950 should be interpreted to mean the prescribed time limit is

_____

[3] Section 5950 states: "Any person affected by an order, decision, or award of the appeals board may, within the time limit specified in this section, apply to the Supreme Court or to the court of appeal for the appellate district in which he resides, for a writ of review, for the purpose of inquiring into and determining the lawfulness of the original order, decision, or award or of the order, decision, or award following reconsideration. The application for writ of review must be made within 45 days after a petition for reconsideration is denied, or, if a petition is granted or reconsideration is had on the appeal board's own motion, within 45 days after the filing of the order, decision, or award following reconsideration."

triggered not by the filing of the Appeals Board's order following reconsideration, but by the service of said order, citing Code of Civil Procedure section 1013. (*Camper*, *supra*, 3 Cal.4th at pp. 683–684; see Code Civ. Proc., § 1013, subd. (a) [extending prescribed time limits under certain circumstances by five calendar days "upon service by mail, if the place of address and the place of mailing is within the State of California"].) The California Supreme Court disagreed, concluding section 5950 is clear on its face that the filing of the Appeals Board's decision is what triggers the running of the limitations period: "The 45-day time period specified in section 5950 runs from the time 'a petition for review is *denied*' or from the '*filing* of [a]n order, decision, or award following reconsideration.' (Lab. Code, § 5950, italics added.) There is no reference in this statute to service. The operative trigger of the time period set forth in section 5950 is the *filing* of the order. '[T]he cases have consistently held that where a prescribed time period is commenced by some circumstance, act or occurrence other than service then [Code of Civil Procedure] section 1013 will not apply. [Citations.] [¶] On the other hand, where a prescribed time period is triggered by the term "service" of a notice, document or request then section 1013 will extend the period. [Citations.]' " (*Camper*, *supra*, 3 Cal.4th at pp. 684–685, fn. omitted.)

*Camper* adds further support for our decision to interpret section 6627 according to the ordinary meaning of its terms. Like section 5950, section 6627 is clear on its face with respect to what triggers the running of the limitations period: The 30-day time period specified in section 6627 runs from the time "a petition for reconsideration is *denied*" or from "the *filing* of the order or decision following reconsideration." (§ 6627, italics added.) Further, as the *Camper* court observed in regards to section 5950, the applicable statute in our case, section 6627, does not suggest, much less state, that a decision to deny a petition for reconsideration triggers the limitations period five days after its filing date (see Code Civ. Proc., § 1013) or, as Raam insists, after the petitioner "knew [the Appeals Board] had denied [its] petition[.]" (See *Camper*, *supra*, 3 Cal.4th at pp. 684–685.) Rather, a straightforward reading of the statute prescribes that the operative trigger of the limitations period applicable in this case is the date "[Raam's]

5

petition for reconsideration [was] denied"—to wit, March 4, 2016, the date the Appeals Board's denial order was issued, filed *and* served on Raam via first class mail. No further statutory analysis is thus warranted; Raam's writ petition was correctly found untimely. (See *People v. Manzo* (2012) 53 Cal.4th 880, 885 [" 'When the language of a statute is clear, we need go no further' "]; *Voices of the Wetlands v. State Water Resources Control Bd.* (2011) 52 Cal.4th 499, 519 ["When interpreting statutes, we begin with the plain, commonsense meaning of the language used by the Legislature. [Citation.] If the language is unambiguous, the plain meaning controls"]; see also *Camper*, *supra*, 3 Cal.4th at p. 686 [the time limits specified in section 5950 for seeking judicial review of decisions by the Appeals Board are jurisdictional].)

And lastly, we quickly dispose of Raam's remaining argument that the trial court's order and judgment must be deemed void because no stipulation to have a commissioner decide the matter appears in the record. The law, which Raam does not mention, much less challenge, is clear. While generally speaking a commissioner is not qualified to act absent a stipulation[4] (*People v. Tijerina* (1969) 1 Cal.3d 41, 49), the "tantamount stipulation" doctrine holds that "an *implied* stipulation arises from the parties' common intent that the subordinate officer hearing their case do things which, in fact, can only be

---

[4] "Since 1862, our Constitution has contemplated the use of court commissioners to perform 'chamber business' (see Cal. Const. of 1849, art. VI, § 11, as amended Sept. 3, 1862; Cal. Const., former art. VI, § 14), now referred to as 'subordinate judicial duties.' (Cal. Const., art. VI, § 22; [citation].) In addition, since 1879, our Constitution has permitted a cause to be tried in the superior court by a temporary judge. (Cal. Const. of 1879, former art. VI, § 8; see also Cal. Const., former art. VI, § 5, as amended in 1928.) The original provision was that such a judge must be 'a member of the bar, agreed upon in writing by the parties litigant or their attorneys of record, approved by the Court, and sworn to try the cause.' [Citation.] This provision was repealed in 1926, but was reinstated in article VI, section 5 in 1928 to provide for trial by a temporary judge '[u]pon stipulation of the parties litigant or their attorneys of record. . . .' (Cal. Const., former art. VI, § 5, as amended in 1928.) The current version of this language, as revised in 1966, provides: 'On stipulation of the parties litigant the court may order a cause to be tried by a temporary judge who is a member of the State Bar, sworn and empowered to act until final determination of the cause.' (Cal. Const., art. VI, § 21.)" (*In re Horton* (1991) 54 Cal.3d 82, 90.)

done by a judge.' [Citation.]" (*In re Horton* (1991) 54 Cal.3d 82, 98.) That is exactly what occurred here—Raam appeared represented by counsel at a contested hearing on the petition, and at no time objected to or otherwise challenged the commissioner's authority to decide the matter. Accordingly, we reject his belated attempt to do so here. (*Ibid.* [where "it is uncontroverted that counsel participated fully and vigorously in the trial, at every point treating the commissioner as competent to rule on matters which rest solely in the discretion of a superior court judge," the appellant's conduct was "a tacit recognition of, and reliance upon, the authority of the commissioner to act as a temporary judge"].) "As one Court of Appeal has [aptly] said, 'An attorney may not sit back, fully participate in a trial and then claim that the court was without jurisdiction on receiving a result unfavorable to him.' [Citation.]" (*Id.* at p. 91.) The judgment thus stands.

## DISPOSITION

The judgment is affirmed.

7

_____
Jenkins, J.

We concur:

_____
Pollak, Acting P. J.

_____
Ross, J.[*]

A149734/*Raam Construction, Inc. v. Occupational Saf. & Health Appeals Bd.*

_____

[*] Judge of the San Francisco Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

8

Filed 10/25/18

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| RAAM CONSTRUCTION, INC., <br><br> Plaintiff and Appellant, <br><br> v. <br><br> OCCUPATIONAL SAFETY AND HEALTH APPEALS BOARD, <br><br> Defendant and Respondent; <br><br> DEPARTMENT OF INDUSTRIAL RELATIONS, DIVISION OF OCCUPATIONAL SAFETY AND HEALTH, <br><br> Real Party in Interest. | A149734 <br><br> (Alameda County <br> Super. Ct. No. RG16810863) <br><br> ORDER CERTIFYING OPINION FOR PUBLICATION; <br> NO CHANGE IN JUDGMENT |

THE COURT:

The opinion in the above-entitled matter filed on September 28, 2018, was not certified for publication in the Official Reports. For good cause it now appears that the opinion should be published in the Official Reports, and it is so ordered.

Date: __October 25, 2018__                _____POLLAK, J_____, Acting P.J.

9

<u>A149734/Raam Construction, Inc. v. Occupational Saf. & Health Appeals Bd.</u>

Trial Court:  Superior Court of Alameda County

Trial Judge:  Thomas Rasch, J.

Counsel:  Lindborg & Mazor, Peter F. Lindborg and Irina J. Mazor for Appellant.

J. Jeffrey Mojcher, Aaron R. Jackson, and Autumn R. Gonzales for Respondent.

Nathan D. Schmidt and Deborah A. Bialosky for Real Party in Interest.