Filed 8/30/21  Marriage of Bates CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| In re the Marriage of SANDRA and WESLEY F. BATES. | |
| SANDRA C. BATES, | D078202 |
| Respondent, | |
| v. | (Super. Ct. No. D549145) |
| WESLEY F. BATES, | |
| Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Rachel Cano, Judge.  Affirmed.

Wesley F. Bates, in pro. per., for Appellant.

No appearance for Respondent.

Wesley F. Bates (Appellant) appeals from findings and an order after a hearing at which the family court entered five "findings and orders" based on the court's review of the evidence and consideration of the arguments

presented.[1]  The FOAH followed proceedings initiated by Appellant in June 2019 and his former spouse, Sandra C. Bates (Respondent) in March 2020. The record on appeal consists of a clerk's transcript, as augmented (see fn. 1, *ante*), and contains only six documents from the family court proceedings: the court's minutes from the hearing that resulted in the FOAH; Appellant's notice of appeal; Appellant's notice designating the record on appeal; Appellant's corrected notice designating the record on appeal; the register of actions; and the court's FOAH.

As we explain, by not providing an adequate record from which we can determine the evidence that was presented or what was said at the hearing that resulted in the FOAH, Appellant has precluded meaningful appellate review.  Accordingly, we will affirm the FOAH.

## I.  BURDENS ON APPEAL

" '[T]o be successful on appeal, an appellant must be able to affirmatively demonstrate error on the record before the court.  " ' "A judgment or order of the lower court is *presumed correct*.  All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown." ' " ' " (*In re Marriage*

---

[1]  Appellant appealed from an August 17, 2020, minute order.  Since the family court directed Appellant to submit an order after hearing to the court, an appeal does not lie from the minute order (*In re Marriage of Wood* (1983) 141 Cal.App.3d 671, 677), but only from the formal order filed and signed by the court.  At this court's request, Appellant submitted a copy of the findings and order after a hearing on August 17, 2020, filed and signed on December 8, 2020 (FOAH).  Accordingly, we have construed Appellant's notice of appeal as being from the FOAH.  (Cal. Rules of Court, rule 8.104(d); see *Vitkievicz v. Valverde* (2012) 202 Cal.App.4th 1306, 1310, fn. 2.)  In addition, on our own motion, we augment the record on appeal to include the FOAH.  (Cal. Rules of Court, rule 8.155(a)(1)(A).)

*of Obrecht* (2016) 245 Cal.App.4th 1, 8; accord, *Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609 (*Jameson*).) Appellant, as the party seeking review, has the burden of establishing reversible error. (*In re Marriage of Garcia* (2017) 13 Cal.App.5th 1334, 1344 [temporary spousal support]; *Jameson*, at p. 609.) This is the standard even where, as here, the respondent does not file a brief in the appeal. (*In re Marriage of F.M. and M.M.* (2021) 65 Cal.App.5th 106, 110, fn. 1 [the "appellant 'still bears the "affirmative burden to show error whether or not the respondent's brief has been filed" ' "].)

Correspondingly, as the party seeking review, Appellant has "the burden to provide sufficient record to show error." (*In re Marriage of Brewster & Clevenger* (2020) 45 Cal.App.5th 481, 511; accord, *Jameson*, *supra*, 5 Cal.5th at p. 609.) " ' "A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." ' " (*Jameson*, at p. 609.) As particularly applicable in the present appeal, *Estate of Fain* (1999) 75 Cal.App.4th 973 (*Fain*) instructs: "Where no reporter's transcript has been provided and no error is apparent on the face of the existing appellate record, the judgment [or order] must be conclusively presumed correct as to all evidentiary matters. To put it another way, *it is presumed that the unreported . . . testimony would demonstrate the absence of error.*" (*Id.* at p. 992, italics omitted & added.) As a result, " '[f]ailure to provide an adequate record on an issue *requires* that the issue be resolved against [the appellant].' " (*Jameson*, at p. 609, italics added.)

Even though Appellant represents himself in this appeal, the procedural rules apply the same to him as to parties represented by counsel. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985; *Martinez v. Vaziri* (2016) 246 Cal.App.4th 373, 383 [family court parentage action: "party

3

appearing in propria persona 'is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys' "].)  The fact that a party is representing himself is not a basis for special treatment.  (*Rappleyea,* at pp. 984-985; *McClain v. Kissler* (2019) 39 Cal.App.5th 399, 416; see Advisory Com. com., Cal. Code Jud. Ethics, canon 3B(8).)

## II.  STATEMENT OF THE CASE[2]

The FOAH indicates that certain proceedings were heard by the family court on August 17, 2020, based on an order to show cause, a notice of motion, or a request for an order filed (1) by Appellant on June 25, 2019, and (2) by Respondent on March 20, 2020.[3]  Appellant did not include in the clerk's transcript either set of papers identified in the FOAH, and the register of actions does not show any filings on either June 25, 2019, or March 20, 2020.

The family court's minutes reflect that the August 2020 proceedings were an "evidentiary hearing" and that both parties were represented by counsel.  (Capitalization and bolding omitted.)  The minutes further reflect that both Appellant and Respondent "[we]re sworn by the court clerk" and

---

[2]     We base this recitation on what is contained in the one-volume clerk's transcript, disregarding statements in Appellant's brief that do not find support in the limited record on appeal.  (*Fierro v. Landry's Restaurant Inc.* (2019) 32 Cal.App.5th 276, 281, fn. 5 ["appellate courts may ' "disregard any factual contention not supported by a proper citation to the record" ' "]; see Cal. Rules of Court, rule 8.204(a)(1)(C) [an appellate brief must "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears"].)

[3]     In his appellate brief, without a record reference, Appellant tells us that he "filed for modification of said spousal support on March 20, 2020."

testified in response to questions both from counsel and the court. In addition, the court heard argument from counsel. Although a court reporter was present, Appellant did not designate a reporter's transcript of the proceedings.[4]

In December 2020, the court filed the FOAH, making "the following findings and orders regarding Spousal Support, Enforcement of Judgment as to Pension, and Omitted Community Asset":

"1.  Monies removed from the Copley Press 40lk were used for the community purpose of child support";

"2.  The Copley Press 40lk is not an omitted community asset";

"3.  [Appellant] has the ability to pay $865 per month in spousal support to [Respondent]";

"4.  [Appellant's] motion to modify spousal support is denied"; and

"5.  [Respondent] is to notify [Appellant] if she begins receiving additional monies, at which time the parties are to meet and confer."

Appellant timely appealed from the court's minutes, which, as we explained at footnote 1, *ante*, we construe as an appeal from the FOAH.

### III.  DISCUSSION

In the "Statement of the Case" of his appellate brief, Appellant tells us that he filed for a modification of spousal support. (Capitalization omitted.) In the summary of the "Argument" (capitalization omitted) of his appellate

---

[4]     Appellant used the Judicial Council of California approved form (APP-003) to designate his record on appeal. In checking the box in which he "cho[se] to proceed . . . [¶] . . . WITHOUT a record of the oral proceedings," Appellant affirmatively represented that he "underst[oo]d that without a record of the oral proceedings in the superior court, the Court of Appeal will not be able to consider what was said during those proceedings in deciding whether an error was made in the superior court proceedings."

brief, Appellant describes two issues that deal with "modification" (presumably of spousal support) and one issue that deals with "unclean hands." In the text of the "Argument" (capitalization omitted), Appellant expressly refers to "modification of . . . spousal support"; cites Family Code section 4322, which deals with spousal support;[5] describes "the real issue" as being "whether there has been a material change of circumstances" sufficient to invoke section 4322; and lists a full page of "Evidence of Wrongful Acts"[6] (underscoring omitted). In the "Conclusion" (capitalization omitted) of his appellate brief, Appellant asks that this court "reconsider[ ]" finding numbers 3, 4, and 5 (see pt. II., *ante*) "and vacate spousal support." Appellant provides no record references for any of these statements.

We assume from the foregoing that Appellant is challenging the court's denial of his request to modify spousal support.

We review for an abuse of discretion the family court's decision whether to modify spousal support based on changed circumstances. (*In re Marriage of Ciprari* (2019) 32 Cal.App.5th 83, 104 [modification of temporary support]; *In re Marriage of Olson* (1993) 14 Cal.App.4th 1, 9 [modification of permanent

---

5 Family Code section 4322 provides in full: "In an original or modification proceeding, where there are no children, and a party has or acquires a separate estate, including income from employment, sufficient for the party's proper support, no support shall be ordered or continued against the other party."

6 In his "Argument" (capitalization omitted), Appellant also cites Family Code section 4057.5 in support of the contention that "new mate income cannot be considered in ordering or modifying child or spousal support." We disagree. By its express terms, section 4057.5 is limited to "determining or modifying *child support*." (Italics added.)

support].[7])  Under this standard, the appellate court "determine[s] whether factual findings are supported by substantial evidence, and if so, affirm[s] if any reasonable judge could have made such an order" (*Ciprari*, at p. 104)—regardless " ' "whether or not the appellate court agrees with it or would make the same order if it were a trial court" ' " (*In re Marriage of Pasco* (2019) 42 Cal.App.5th 585, 590 [modification of spousal support]).

In determining whether the family court abused its discretion in issuing the FOAH here, we must consider " ' "the entire record" ' "—i.e., *all* of the evidence that was before the court at the time it ruled.  (*In re Marriage of DeSouza* (2020) 54 Cal.App.5th 25, 33.)  Based on the limited record before this court, the evidence consists entirely of testimony from Appellant and from Respondent at the evidentiary hearing.

As we explained *ante*, however, without a reporter's transcript, we "presume[ ] that the unreported . . . testimony would demonstrate *the absence of error*" (*Fain, supra*, 75 Cal.App.4th at p. 992, italics added)—which, in this case, is substantial evidence to support each of the findings in the FOAH. Accordingly, since the record presented by Appellant is " ' "inadequate for meaningful review," ' " he did not meet his burden of establishing reversible error, " ' "and the decision of the trial court should be affirmed." ' " (*Jameson, supra*, 5 Cal.5th at p. 609.)

We recognize and appreciate that this ruling does not provide guidance to the parties or to the family court concerning the issues Appellant attempted to raise in this appeal.  However, as an appellate court, we have not seen the witnesses, heard the testimony, or reviewed the exhibits (if any)

---

[7]     The clerk's transcript contains no information about the spousal support order at issue in Appellant's modification proceedings.

that were presented to the trial court—i.e., the *evidence* upon which the FOAH is based.  By not providing this information to us, Appellant has precluded meaningful appellate review of the FOAH.

## IV.  DISPOSITION

The December 8, 2020 FOAH is affirmed.  Because no respondent's brief was filed, the parties shall bear their own costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(5).)


IRION, Acting P. J.

WE CONCUR:


DATO, J.


GUERRERO, J.

8