[No. B229605. Second Dist., Div. Three. Jan. 25, 2012.]

MICHAEL JOHN VITKIEVICZ, Plaintiff and Appellant, v. GEORGE VALVERDE, as Director, etc., Defendant and Respondent.

1308

COUNSEL

Law Offices of Chad R. Maddox and Chad R. Maddox for Plaintiff and Appellant.

Kamala D. Harris, Attorney General, Alicia M. B. Fowler, Assistant Attorney General, Judith R. Seligman and Robert D. Petersen, Deputy Attorneys General, for Defendant and Respondent.

OPINION

**CROSKEY, J.**—Michael John Vitkievicz challenges an administrative decision by the Department of Motor Vehicles (DMV) temporarily revoking his privilege to operate a motor vehicle. He appeals the dismissal of his petition for writ of mandate after the sustaining of a demurrer without leave to amend. He contends the sustaining of the demurrer based on the statute of limitations was error because he timely filed his petition within 95 days after the mailing of notice of the final administrative decision, and the DMV waived the statute of limitations defense by failing to timely demur. We conclude that the sustaining of the demurrer was proper and will affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

### 1. Factual Background

Vitkievicz was arrested for driving under the influence of alcohol in October 2009. The sheriff's deputy making the arrest served him with an order temporarily revoking his privilege to operate a motor vehicle effective after 30 days. Vitkievicz requested an administrative hearing. The DMV conducted an administrative hearing resulting in a decision revoking his driving privilege for a two-year period. The DMV later affirmed the decision in an administrative appeal.

The DMV served a notice of its final administrative decision on Vitkievicz by mail on May 10, 2010. The notice of decision included the statement,

"You have a right to seek a court review of this action provided you do so within 94 days of the mailing date on this notice shown below." At the bottom of the page was a certificate of mailing stating that the notice was served by mail on May 10, 2010.

### 2. Trial Court Proceedings

Vitkievicz filed a petition for writ of mandate on August 13, 2010, against George Valverde as Director of the DMV challenging the administrative decision. The filing date was 95 days after the service by mail of the notice of decision. The petition was verified by his attorney.

Valverde filed a general demurrer to the petition on October 19, 2010, arguing that the petition was untimely under Vehicle Code section 14401, subdivision (a) because it was not filed within 94 days after the mailing of the notice of decision and that the petition was not properly verified by Vitkievicz as the petitioner. Vitkievicz opposed the demurrer. The trial court concluded that the limitations period under Vehicle Code section 14401, subdivision (a) expired on August 12, 2010, and that the petition filed the next day was untimely. The court therefore sustained the demurrer without leave to amend on December 14, 2010, and entered an order of dismissal on January 26, 2011.[1] Vitkievicz timely appealed.[2]

## CONTENTIONS

Vitkievicz contends (1) his petition was timely under Vehicle Code section 14401, subdivision (a) and (2) Valverde waived the statute of limitations defense by failing to timely file a demurrer asserting the defense.

## DISCUSSION

### 1. Standard of Review

A demurrer tests the legal sufficiency of the factual allegations in a complaint. We independently review the sustaining of a demurrer and determine de novo whether the complaint alleges facts sufficient to state a cause of

---

[1] We judicially notice the signed order of dismissal entered on January 26, 2011. (Evid. Code, § 452, subd. (d).) A signed order of dismissal is an appealable judgment. (Code Civ. Proc., §§ 581d, 904.1, subd. (a)(1).)

[2] Vitkievicz filed his notice of appeal on December 17, 2010, after the order sustaining the demurrer and before the order of dismissal. The notice of appeal was premature because an order sustaining a demurrer without leave to amend is not appealable. (*Vibert v. Berger* (1966) 64 Cal.2d 65, 67 [48 Cal.Rptr. 886, 410 P.2d 390].) In the interests of justice and absent any prejudice to Valverde as the respondent, we construe the appeal from the order sustaining the demurrer as taken from the order of dismissal later filed. (*Id.* at pp. 67–68.)

action or discloses a complete defense. (*McCall v. PacifiCare of Cal., Inc.* (2001) 25 Cal.4th 412, 415 [106 Cal.Rptr.2d 271, 21 P.3d 1189].) We assume the truth of the properly pleaded factual allegations, facts that reasonably can be inferred from those expressly pleaded, and matters of which judicial notice has been taken. (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081 [6 Cal.Rptr.3d 457, 79 P.3d 569].) We construe the pleading in a reasonable manner and read the allegations in context. (*Ibid.*) We must affirm the judgment if the sustaining of a general demurrer was proper on any of the grounds stated in the demurrer, regardless of the trial court's stated reasons. (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 967 [9 Cal.Rptr.2d 92, 831 P.2d 317].)

### 2. *Rules of Statutory Construction*

■ "Our fundamental task in construing a statute is to ascertain the legislative intent so as to effectuate the purpose of the law. (*Hassan v. Mercy American River Hospital* (2003) 31 Cal.4th 709, 715 [3 Cal.Rptr.3d 623, 74 P.3d 726].) Because the statutory language ordinarily is the most reliable indicator of legislative intent, we begin by examining the words of the statute. (*Ibid.*) We give the words of the statute their ordinary and usual meaning and construe them in the context of the statute as a whole and the entire scheme of law of which it is a part. (*State Farm Mutual Automobile Ins. Co. v. Garamendi* (2004) 32 Cal.4th 1029, 1043 [12 Cal.Rptr.3d 343, 88 P.3d 71].) If the language is clear and a literal construction would not result in absurd consequences that the Legislature did not intend, we presume that the Legislature meant what it said and the plain meaning governs. (*Coalition of Concerned Communities, Inc. v. City of Los Angeles* (2004) 34 Cal.4th 733, 737 [21 Cal.Rptr.3d 676, 101 P.3d 563].) If the language is ambiguous, we may consider a variety of extrinsic aids, including the purpose of the statute, legislative history, and public policy. (*Ibid.*)" (*Frontier Oil Corp. v. RLI Ins. Co.* (2007) 153 Cal.App.4th 1436, 1448–1449 [63 Cal.Rptr.3d 816].)

### 3. *The Petition for Writ of Mandate Was Untimely*

■ A final administrative decision by the DMV revoking or suspending a person's privilege to operate a motor vehicle is subject to judicial review by petition for writ of administrative mandate (Code Civ. Proc., § 1094.5). (Veh. Code, § 14400; see *Campbell v. Zolin* (1995) 33 Cal.App.4th 489, 493 [39 Cal.Rptr.2d 348].) Such a petition must be filed within 90 days after "the date the order is noticed." (Veh. Code, § 14401, subd. (a).)

Vehicle Code section 14401 states:

"(a) Any action brought in a court of competent jurisdiction to review any order of the department refusing, canceling, placing on probation, suspending,

or revoking the privilege of a person to operate a motor vehicle shall be commenced within 90 days from the date the order is noticed.

"(b) Upon final completion of all administrative appeals, the person whose driving privilege was refused, canceled, placed on probation, suspended, or revoked shall be given written notice by the department of his or her right to a review by a court pursuant to subdivision (a)."

The first question is when the order was "noticed" (Veh. Code, § 14401, subd. (a)) so as to commence the running of the statutory 90-day period. We conclude that the order was noticed on May 14, 2010, pursuant to Vehicle Code section 23.

Vehicle Code section 23 states: "The giving of notice by personal delivery is complete upon delivery of a copy of the notice to the person to be notified. The giving of notice by mail is complete upon the expiration of four days after deposit of the notice in the mail, except that in the case of a notice informing any person of an offense against him under Section 40001, the notice is complete 10 days after mailing."

■ We construe the plain language of Vehicle Code section 23 to mean that the giving of notice by mail is complete four days after the notice was deposited in the mail. Thus, an order revoking or suspending a person's privilege to operate a motor vehicle is "noticed" within the meaning of Vehicle Code section 14401, subdivision (a) four days after a notice of decision was deposited in the mail. The notice of decision here was deposited in the mail on May 10, 2010, so the order was "noticed" four days later on May 14, 2010. We reject Vitkievicz's novel argument that the four-day period expired five days later on May 15, 2010.[3]

■ The second question is whether the 90-day period to file the petition for writ of mandate under Vehicle Code section 14401, subdivision (a) was extended by five days under Code of Civil Procedure section 1013, subdivision (a). That provision extends the time within which an act must be performed after service of a document if the service was by mail. We conclude that the five-day extension is inapplicable and that the 90-day period ended on August 12, 2010.

Code of Civil Procedure section 1013, subdivision (a) states in relevant part: "Service is complete at the time of the deposit, but any period of notice

---

[3] Vitkievicz proposes a method of counting that extends "the expiration of four days after deposit of the notice in the mail" (Veh. Code, § 23) into a five-day period. We construe the statutory language in accordance with its ordinary meaning, so the four-day period ended on the fourth day after the triggering event, rather than the fifth.

and any right or duty to do any act or make any response within any period or on a date certain after service of the document, which time period or date is prescribed by statute or rule of court, shall be extended five calendar days, upon service by mail, if the place of address and the place of mailing is within the State of California, 10 calendar days if either the place of mailing or the place of address is outside the State of California but within the United States, and 20 calendar days if either the place of mailing or the place of address is outside the United States, but the extension shall not apply to extend the time for filing notice of intention to move for new trial, notice of intention to move to vacate judgment pursuant to Section 663a, or notice of appeal. This extension applies in the absence of a specific exception provided for by this section or other statute or rule of court."

■ The five-day extension under Code of Civil Procedure section 1013, subdivision (a) expressly applies only if a statute or rule of court establishes the time within which an act must be performed "after service of the document." If a statute or rule of court establishes the time within which an act must be performed by reference to some act other than service, the five-day extension is inapplicable. (*Camper v. Workers' Comp. Appeals Bd.* (1992) 3 Cal.4th 679, 684–685 [12 Cal.Rptr.2d 101, 836 P.2d 888] [held that the extension was inapplicable to a statutory time period commenced by the "filing" of an order]; *San Mateo Federation of Teachers v. Public Employment Relations Bd.* (1994) 28 Cal.App.4th 150, 152–153 [33 Cal.Rptr.2d 387] [held that the extension was inapplicable to a statutory time period commenced by the "issuance" of an order]; see *Citicorp North America, Inc. v. Superior Court* (1989) 213 Cal.App.3d 563, 567–568 [261 Cal.Rptr. 668].)

In particular, if a statute or rule of court expressly states that an act must be performed within a period of time after the mailing of a document, Code of Civil Procedure section 1013, subdivision (a) is inapplicable and does not extend the time to act. (*Department of Industrial Relations v. Atlantic Baking Co.* (2001) 89 Cal.App.4th 891, 895 [108 Cal.Rptr.2d 44] [held that the five-day extension was inapplicable to a statutory time period commenced by the "mailing" of notice]; *Simpson v. Williams* (1987) 192 Cal.App.3d 285 [238 Cal.Rptr. 566] [same], disapproved on another point in *Maynard v. Brandon* (2005) 36 Cal.4th 364, 380, fn. 10 [30 Cal.Rptr.3d 558, 114 P.3d 795]; *Cole v. Los Angeles Unified School Dist.* (1986) 177 Cal.App.3d 1, 4 [222 Cal.Rptr. 426] [held that the extension was inapplicable to a statutory time period commenced when a notice was "personally served or deposited in the mail" (italics omitted)].)

■ Vehicle Code section 14401, subdivision (a) states that any proceeding for judicial review of an order revoking or suspending a person's privilege to operate a motor vehicle must be commenced within 90 days after

"the date the order is noticed." Vehicle Code section 23 states that the giving of notice by mail is complete upon the expiration of four days after the deposit of the notice in the mail. These provisions do not state that the 90-day time period commences upon "service" of the notice. Instead, these provisions read together state that the 90-day time period commences when "the order is noticed," which occurs four days after the notice was deposited in the mail. We therefore conclude that the five-day extension under Code of Civil Procedure section 1013, subdivision (a) is inapplicable.

■ The 90-day period under Vehicle Code section 14401, subdivision (a) commenced on May 14, 2010, and ended on August 12, 2010.[4] The petition for writ of mandate filed on August 13, 2010, therefore was untimely.

### 4. *Valverde Did Not Waive the Statute of Limitations Defense*

■ The failure to assert an affirmative defense by demurrer or answer results in the waiver or, more accurately, forfeiture of the defense unless the defense concerns the lack of subject matter jurisdiction or failure to state facts sufficient to state a cause of action. (Code Civ. Proc., § 430.80, subd. (a);[5] *Minton v. Cavaney* (1961) 56 Cal.2d 576, 581 [15 Cal.Rptr. 641, 364 P.2d 473].)

Valverde did not fail to assert the statute of limitations as a defense. He argued in his demurrer that the petition for writ of mandate was untimely under Vehicle Code section 14401, subdivision (a). Because he did not fail to assert the defense, he never waived or forfeited the defense. Regardless of whether the demurrer was timely filed, we conclude that the trial court in the interests of justice could rule on the merits of the statute of limitations defense, and any procedural defect with respect to such an untimely pleading "does not affect the substantial rights of the parties" (Code Civ. Proc., § 475) and therefore is not grounds for reversal. (*Jackson v. Doe* (2011) 192 Cal.App.4th 742, 750 [121 Cal.Rptr.3d 685].) In light of our conclusion, we need not decide whether the demurrer was timely under Code of Civil Procedure section 1089.5 or whether the statutory time to seek judicial review of the administrative decision is jurisdictional so the defense could not be waived or forfeited.

---

[4] Pursuant to Code of Civil Procedure section 12, the 90-day period is computed by excluding the first day, May 14, 2010, and including the last day, here the 90th day, which was August 12, 2010.

[5] "If the party against whom a complaint or cross-complaint has been filed fails to object to the pleading, either by demurrer or answer, that party is deemed to have waived the objection unless it is an objection that the court has no jurisdiction of the subject of the cause of action alleged in the pleading or an objection that the pleading does not state facts sufficient to constitute a cause of action." (Code Civ. Proc., § 430.80, subd. (a).)

## DISPOSITION

The judgment is affirmed. Valverde is entitled to recover his costs on appeal.

Klein, P. J., and Kitching, J., concurred.