Filed 10/27/15; pub. order 11/23/15 (see end of opn.)

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| MARIO GARCIA et al., | D066393 |
| Plaintiffs and Appellants, | |
| v. | (Super. Ct. No. 37-2012-00101101-CU-PO-CTL) |
| MICHELE HOLT et al., | |
| Defendants and Respondents. | |


APPEAL from a judgment of the Superior Court of San Diego County, Joel R. Wohlfeil, Judge. Affirmed.


Law Offices of Robert W. Jackson, Robert W. Jackson and Brett R. Parkinson, for Plaintiffs and Appellants.

Boles & DiMascio, John D. Culver, Jr.; Greines, Martin, Stein & Richland, Robert A. Olson and Gary J. Wax, for Defendants and Respondents.

In this premises liability action, Mario Garcia (Mario) and Esperanza Torres Garcia[1] appeal a summary judgment in favor of residential landowners, Michele Holt[2] and Niel Mamerto (Niel).[3] The trial court concluded the landowners owed no duty to Mario, a landscaper, who was injured by explosives brought on the property by the Mamertos' tenant without their knowledge. The Garcias contend a month-to-month tenancy provides the landlord the right to enter and inspect the property at periodic intervals without actual notice of a need to inspect. We disagree and affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

The Mamertos owned residential property located in Escondido, California (the Premises) and leased the Premises to George Jakubec.[4] The original lease was for a one-year term beginning in October 2005. After one year, the lease became a month-to-month tenancy and the Mamertos could terminate the lease by giving written notice as provided by law. At some time during the tenancy, Jakubec created homemade explosives and stored explosive devices and materials on the Premises.

---

[1] When appropriate, we refer to plaintiffs together as the Garcias.

[2] Michele Holt has changed her name to Michele Mamerto since the complaint was filed.

[3] Mr. Mamerto was erroneously named in the complaint as "Neil" Mamerto. When appropriate, we refer to defendants together as the Mamertos.

[4] Mr. Jakubec was erroneously named in the complaint as George "Jakubek."

The Mamertos hired Mario in 2005 to maintain the landscaping at the Premises. Mario or his employees worked on the Premises at least once every two weeks throughout the approximately five years leading up to the accident and never noticed anything suspicious or dangerous. On November 18, 2010, Mario was injured when he walked over unstable explosive material on the backside of the Premises and the material exploded under him.

The Garcias sued for premises liability alleging the Mamertos were negligent in the maintenance of the Premises by allowing explosive materials to be kept on the Premises.[5] The Mamertos moved for summary judgment arguing they owed no duty to Mario because they had no actual or constructive knowledge of the explosive materials on the Premises, thus there was no foreseeable risk requiring an inspection.

In opposition, the Garcias argued the Mamertos had a duty to exercise reasonable care to inspect the Premises periodically once the lease became a month-to-month tenancy. The Garcias further argued there was a triable issue of material fact as to whether the Mamertos breached that duty.

The trial court granted summary judgment in favor of the Mamertos on the ground the Mamertos owed no duty to the Garcias absent actual knowledge of a dangerous condition on the Premises. The court ruled, "before liability may be thrust on a landlord for a third party's injury due to a dangerous condition on the land, [a plaintiff] must show

---

[5]     Esperanza Garcia also brought a cause of action for loss of consortium. The trial court ruled Esperanza Garcia had no cause of action for loss of consortium because Mario had no cause of action in tort. The Garcias did not address this issue on appeal.

3

that the landlord had actual knowledge of the dangerous condition in question, plus the right and ability to cure the condition." It was undisputed the Mamertos had no actual knowledge of the dangerous condition in this case. We construe the Garcias' notice of appeal as being from the judgment entered October 2, 2014. (Cal. Rules of Court, rule 8.104(d); *Vitkievicz v. Valverde* (2012) 202 Cal.App.4th 1306, 1310, fn.2.)

## DISCUSSION

### I

### *Standard of Review*

A "party moving for summary judgment bears the burden of persuasion that there is no triable issue of material fact and that he is entitled to judgment as a matter of law." (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850.) A defendant satisfies this burden by showing " 'one or more elements of' the 'cause of action' … 'cannot be established,' or that 'there is a complete defense' " to that cause of action. (*Ibid*.) The standard of review on summary judgment is de novo. (*Rubenstein v. Rubenstein* (2000) 81 Cal.App.4th 1131, 1143.) Thus, we review the trial court's ruling independently, considering all the evidence set forth in the moving and opposing papers except that to which objections have been sustained. (*Smith v. Wells Fargo Bank, N.A.* (2005) 135 Cal.App.4th 1463, 1472.)

### II

### *Residential Landlord's Liability to Third Parties*

Duty is a necessary element of a cause of action for premises liability. (*Salinas v. Martin* (2008) 166 Cal.App.4th 404, 411.) Civil Code section 1714, subdivision (a) sets

4

forth the duty of a property owner toward others: "Everyone is responsible, not only for the result of his or her willful acts, but also for an injury occasioned to another by his or her want of ordinary care or skill in the management of his or her property or person."

Public policy precludes landlord liability for a dangerous condition on the premises which came into existence after possession has passed to a tenant. (*Uccello v. Laudenslayer* (1975) 44 Cal.App.3d 504, 510.) This is based on the principle that the landlord has surrendered possession and control of the land to the tenant and has no right even to enter without permission. (*Id.* at p. 511.) It would not be reasonable to hold a lessor liable if the lessor did not have the power, opportunity, and ability to eliminate the dangerous condition. (*Mora v. Baker Commodities* (1989) 210 Cal.App.3d 771, 780.)

"[W]here a landlord has relinquished control of property to a tenant, a 'bright line' rule has developed to moderate the landlord's duty of care owed to a third party injured on the property as compared with the tenant who enjoys possession and control. ' "Because a landlord has relinquished possessory interest in the land, his or her duty of care to third parties injured on the land is attenuated as compared with the tenant who enjoys possession and control. Thus, before liability may be thrust on a landlord for a third party's injury due to a dangerous condition on the land, the plaintiff must show that the landlord had actual knowledge of the dangerous condition in question, plus the right and ability to cure the condition." [¶] Limiting a landlord's obligation releases it from needing to engage in potentially intrusive oversight of the property, thus permitting the tenant to enjoy its tenancy unmolested.' " (*Salinas v. Martin, supra,* 166 Cal.App.4th at p. 412.)

5

The law has developed exceptions to this rule such as where the landlord volunteers to repair a defective condition, where the landlord fails to disclose defects of which he or she has actual knowledge but are unknown and not apparent to the tenant, where there is a nuisance on the property leased for public use at the time the lease is made or renewed, when there is a violation of a safety law, or where the injury occurs in an area where the landlord retains control. (*Uccello v. Laudenslayer*, *supra*, 44 Cal.App.3d at p. 511.) These exceptions do not apply to this private residential property and we conclude there is no reason to depart from the bright line rule.

The Garcias contend when the lease became a month-to-month tenancy it renewed each month and the Mamertos had a right to periodically enter the Premises.[6] With the right to enter, the Garcias contend the Mamertos had a corresponding duty to make "reasonable periodic inspections" regardless of actual knowledge of a dangerous condition. The Garcias misconstrue the law. The obligation to inspect arises "only if [the landowner] had some reason to know there was a need for such action." (*Mora v. Baker Commodities, supra*, 210 Cal.App.3d at p. 781.) The month-to-month tenancy may have given the Mamertos the right and the ability to cure a condition by terminating the lease on proper notice, but only if they knew about the condition or had some reason to know inspection was necessary.

---

[6] The Mamertos contend the continuation of the tenancy on a month-to-month basis was a mere extension of the original lease rather than periodic renewals. Given our conclusion, we need not resolve the nature of how the tenancy continued.

It is undisputed the Mamertos did not have actual knowledge of the explosive materials on the Premises and the Garcias presented no evidence giving rise to a triable issue of fact about whether the Mamertos had a reason to know inspection was necessary. Neither Mario nor any of his employees found any indication of a dangerous condition during the five years they provided landscaping services. A repairman entered the Premises to replace the garbage disposal in September 2009 and reported to the Mamertos that everything was fine at the house. Niel also visited the Premises himself on one occasion and did not observe any problems. Niel's experience managing real estate properties and the fact a fence needed to be replaced during the tenancy does not suggest the Mamertos had a reason to know there was a need to inspect the property. Applying the bright line rule, the Mamertos cannot be held liable to the Garcias because the Mamertos had no actual knowledge of the dangerous condition.

## DISPOSITION

The judgment is affirmed. The Mamertos shall recover their costs on appeal.


McCONNELL, P. J.

WE CONCUR:

HUFFMAN, J.

NARES, J.


7

Filed 11/23/15

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| MARIO GARCIA et al.,<br>    Plaintiffs and Appellants,<br><br>    v.<br><br>MICHELE HOLT et al.,<br>    Defendants and Respondents. | D066393<br><br><br>(Super. Ct. No. 37-2012-00101101-CU-PO-CTL) |

THE COURT:

The opinion in this case filed October 27, 2015, was not certified for publication. It appearing the opinion meets the standards for publication specified in California Rules of Court, rule 8.1105(c), the request pursuant to California Rules of Court, rule 8.1120(a) for publication is GRANTED.

IT IS HEREBY CERTIFIED that the opinion meets the standards for publication specified in California Rules of Court, rule 8.1105(c); and

ORDERED that the words "Not to be Published in the Official Reports" appearing on page 1 of said opinion be deleted and the opinion herein be published in the Official Reports.

_____
                                                                        McCONNELL, P. J.

Copies to:  All parties