Filed 10/19/21  Smith v. Loya Casualty Insurance CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| ANDRE MARIO SMITH, | D077848 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 37-2019-000065019-CU-DF-CTL) |
| LOYA CASUALTY INSURANCE COMPANY, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of San Diego County, Kenneth J. Medel, Judge.  Affirmed.

Andre Mario Smith, in pro. per., for Plaintiff and Appellant.

Straus Meyers, Andrew S. Meyers and Joshua C. Anaya, for Defendant and Respondent.

In 2012, Loya Casualty Insurance Company (Loya) inaccurately reported to the Lexis-Nexis Collision Loss Underwriting Exchange (C.L.U.E.) that Andre Mario Smith was at fault in a fatal car accident.  Smith sued in small claims court for defamation and prevailed.

On December 9, 2019, Smith filed a complaint against Loya in superior court alleging defamation based on the same inaccurate report. Loya demurred, arguing the claim was time-barred and the statement had already been litigated. The court sustained the demurrer without leave to amend. Smith appeals, contending the court erred because the publication at issue was different from the one previously litigated and was not time-barred. Smith also argues the court acted with bias.

Smith fails to carry his burden to show reversible error or court bias; thus, we affirm.

BACKGROUND AND PROCEDURAL FACTS

In January 2017, Smith sued Loya in small claims court for falsely reporting to C.L.U.E. in 2012 that Smith was at-fault for a fatal motor vehicle collision when Smith was not at-fault. Smith prevailed, and judgment was entered against Loya on December 21, 2017. The judgment awarded monetary damages and directed Loya to report to C.L.U.E. that Smith was not at-fault for the collision. Loya complied with the order, and the judgment was satisfied. Smith filed an acknowledgement of satisfaction of judgment on January 2, 2018.

On December 9, 2019, Smith filed a complaint against Loya in superior court. On January 13, 2020, Smith filed a first amended complaint. The complaint alleged that the June 21, 2012 statement " 'was the subject of

2

several national new[s] broadcast[s]' " that Smith became aware of a year later.[1]

Loya demurred, moved to strike the punitive damages allegations contained in the first amended complaint, and sought terminating sanctions under Code of Civil Procedure section 128.7. Smith filed an ex parte application for leave to file a second amended complaint but did not file moving papers to support the request.

The court granted judicial notice of relevant documents and issued an order sustaining Loya's demurrer to the first amended complaint without leave to amend. It concluded the claim was time-barred by the statute of limitations and precluded by judicial estoppel and res judicata principles. It also dismissed the causes of action for violations of the Business & Professions Code, interference with economic advantage, and a request for injunctive relief for failure to plead sufficient facts. The court entered judgment December 3, 2020 in favor of Loya.

This appeal followed.[2]

---

[1]    We take this information from the court's October 2, 2020 minute order, which explains Smith alleged that Loya "published the statement on June 21, 2012, on Lexi-Nexis" and that Smith made a judicial admission that the statement " 'was the subject of several national new[s] broadcasts[s].[ ]' " It is not clear when the national news broadcasts occurred or who was responsible for publishing them. The record does not contain the first amended complaint.

[2]    Smith appealed a number of nonappealable court orders, which we dismissed. We exercised our discretion to construe Smith's December 3, 2020 appeal as being from the judgment. (Cal. Rules of Court, rule 8.104(d); *Vitkievicz v. Valverde* (2012) 202 Cal.App.4th 1306, 1310, fn. 2.)

DISCUSSION

It is a "cardinal rule of appellate review that a judgment or order of the trial court is presumed correct and prejudicial error must be affirmatively shown." (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187.) To overcome this presumption, the appellant bears the burden of providing an adequate record to affirmatively demonstrate error. (*Ibid.*; *Sutter Health Uninsured Pricing Cases* (2009) 171 Cal.App.4th 495, 498 [incomplete record is construed against appellant].) If the appellant cannot show error in the record, the presumption of correctness requires us to affirm the order. (*Foust*, at p. 187.)

An appellant is bound by many rules of appellate procedure designed to facilitate our review of claims of reversible error. For example, an appellate brief must "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears." (Cal. Rules of Court, rule 8.204(a)(1)(C); *Pierotti v. Torian* (2000) 81 Cal.App.4th 17, 29 ["It is axiomatic that an appellant must support all statements of fact in his briefs with citations to the record [citation] . . . ."].)

Smith's opening brief presents a statement of facts with no citations to the record. He similarly references facts in his argument section without citing the record. In fact, Smith neglects to cite to the record anywhere in his opening brief. This violates rule 8.204(a)(1)(C) of the California Rules of Court, which requires a party to support each reference to a matter in the record by a citation to the record. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246 (*Nwosu*) [statements in appellate briefs not supported by citations to the record are improper and cannot be considered].) We deem forfeited any matter Smith has failed to support with record citations. (*Lonely Maiden*

4

*Productions, LLC v. GoldenTree Asset Management, LP* (2011) 201
Cal.App.4th 368, 384.)

Although Smith submitted a clerk's transcript that includes the order he challenges, he did not provide in the record a copy of the first amended complaint, the parties' demurrer briefing, the documents the court judicially noticed in reaching its conclusion, or a proposed second amended complaint to cure the defect. Absent documents like these, we cannot evaluate his claims.

Further, "[m]atters not properly raised or that are lacking in adequate legal discussion will be deemed forfeited." (*Okorie v. Los Angeles Unified School Dist.* (2017) 14 Cal.App.5th 574, 600.) "In other words, it is not this court's role to construct theories or arguments that would undermine the judgment and defeat the presumption of correctness. Rather, an appellant is required to present a cognizable legal argument in support of reversal of the judgment. 'When an issue is unsupported by pertinent or cognizable legal argument it may be deemed abandoned and discussion by the reviewing court is unnecessary.' " (*Ibid.*) Issues that are not raised or supported by argument and citation to legal authority are forfeited. (*Ibid.*)

Smith fails to support his claim with reasoned argument. He does not explain why the court's conclusion that his claim was barred by the statute of limitations and judicially estopped incorrectly interpreted or applied the law. Nor does he discuss why his previous claim does not establish res judicata with respect to the current defamation cause of action. He provides a Table of Authorities, but he does not cite to any of the cases in his brief or explain their relevance. The lack of argument is exacerbated by the limited record. For example, he states that he mistakenly cited the date of the allegedly libelous publication, but there is no corresponding evidence to support this or explanation for why correcting it would overcome the statute of limitations.

Smith argues separately that the judgment here was improper because it was the product of judicial bias. He appears to base this claim on the court's conclusion that the libel at issue in the matter was initially published June 21, 2012 rather than December 12, 2017, as Smith alleges. Aside from the court's denial of his request to amend his complaint and the court's legal explanation for why amendment would be improper, Smith does not identify evidence of bias by the court. A trial court's rulings against a party do not establish judicial bias. (*Andrews v. Agricultural Labor Relations Bd.* (1981) 28 Cal.3d 781, 795-796.)

We observe that Smith is an in propria persona litigant. " '[S]uch a party is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys. [Citation.]' [Citation.]" (*Nwosu, supra,* 122 Cal.App.4th at p. 1247.) "Indeed, ' "the in propria persona litigant is held to the same restrictive rules of procedure as an attorney." ' " (*First American Title Co. v. Mirzaian* (2003) 108 Cal.App.4th 956, 958, fn. 1.)

As a self-represented litigant, Smith must follow the rules of appellate procedure and present an intelligible argument supported by the record and applicable legal authority. Based on Smith's opening brief, we are not able to evaluate his arguments. (See *Paterno v. State of California* (1999) 74 Cal.App.4th 68, 106 ["An appellate court is not required to examine undeveloped claims, nor to make arguments for parties."].) The incomplete record and deficient brief compel us to conclude he has forfeited any cognizable appellate contentions, and the absence of cogent legal argument leads us to presume the trial court's order is correct.

DISPOSITION

The judgment is affirmed.  Parties to bear their own costs.


HUFFMAN, Acting P. J.

WE CONCUR:


O'ROURKE, J.


GUERRERO, J.