Filed 10/23/25  Marriage of Betancourt CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

|  |  |
|---|---|
| In re the Marriage of DAVID and RACHEL BETANCOURT. | D085161 |
| DAVID BETANCOURT, | |
| Respondent, | (Super. Ct. No. FLRI2007079) |
| v. | |
| RACHEL BETANCOURT, | |
| Appellant. | |

APPEAL from a judgment and order of the Superior Court of Riverside County, John W. Vineyard, Judge.  Affirmed.

Holstrom, Block & Parke and Ronald B. Funk for Appellant.

Westover Law Group and Andrew L. Westover for Respondent.

Rachel Betancourt appeals from the trial court's denial of her requests for attorney's fees under two provisions of the Family Code in this marital dissolution proceeding against her former husband, David Betancourt.  First,

Rachel[1] contends the trial court abused its discretion in denying her request for fees under Family Code section 2030.[2] She maintains the trial court failed to make certain statutorily required findings and ignored the evidence of the substantial financial disparity between the parties. Second, Rachel contends the trial court erred in denying her request for attorney's fees under section 271.[3] She contends David's obstructive conduct during the litigation warranted such attorney's fees as a sanction under section 271. We conclude that Rachel has failed to demonstrate any reversible error and affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Rachel and David were married for over 21 years and separated in June 2020. At the time of separation, they had two children ages 16 and 14. Rachel was a homemaker and David a college music teacher. In November 2020, Rachel filed a petition for dissolution of marriage.

Between February 2021 and February 2022, Rachel and David negotiated and signed a series of mostly handwritten agreements covering various issues involving their property, child custody, child support, spousal support, and other matters. Most of these agreements stated that they were

---

[1] We refer to the parties by their first names in order to avoid confusion and intend no disrespect.

[2] All subsequent statutory references are to the Family Code.
Family Code section 2030 authorizes a trial court to require one party to a marital dissolution action to pay the other party's attorney's fees under certain circumstances.

[3] Section 271 authorizes a trial court to award attorney's fees "in the nature of a sanction" under specified circumstances where a party or his or her attorney engages in conduct that frustrates the public policy in favor of settling litigation and reducing its costs.

enforceable under Code of Civil Procedure section 664.6.[4] None of the agreements covered attorney's fees, which was identified as a "remaining issue" in one of them.

In April 2022, Rachel's counsel sent a proposed stipulated judgment to David purportedly reflecting the parties' agreements. The judgment would have reserved the court's jurisdiction over two remaining issues: (1) insurance on David's life once his existing policy expired; and (2) David's contribution to Rachel's attorney's fees and costs. David did not sign the judgment and took the position that it did not conform to the parties' agreements.

In May 2022, Rachel filed a request for order seeking enforcement of the property division provisions of one of the agreements under Code of Civil Procedure section 664.6 and requiring David to refinance real properties awarded to her in the agreement. At a hearing in June 2022, the parties advised the court they had reached an agreement on the matter and the hearing was continued. However, the parties continued to dispute whether Rachel's proposed judgment accurately reflected the parties' agreements. At the continued hearing in November 2022, the court took the matter off calendar by stipulation of the parties.

In March 2023, Rachel filed a request for settlement conference and three-day trial. The court eventually set a trial for March 2024.

In September 2023, Rachel's counsel filed a declaration "RE ATTORNEY FEES/REQUEST FOR SANCTIONS PURSUANT TO CAL. FAM. CODE §271" and attached points and authorities. In the points and authorities, Rachel argued that: (1) she should be awarded attorney's fees

---

[4] Code of Civil Procedure section 664.6 provides for a method by which a court may enter judgment upon a stipulation to settle pending litigation.

based on the disparity in the parties' ability to pay under section 2030; and (2) she should be awarded attorney's fees as monetary sanctions under section 271 because David's conduct had frustrated the policy of settlement. In other pretrial documents, Rachel indicated that she was seeking attorney's fees under section 2030 and sanctions under section 271.

At the trial on March 6, 2024, the court began by ruling that a motion to enforce the parties' agreements under Code of Civil Procedure section 664.6 could be made orally. Rachel's counsel promptly made an oral motion to enforce the agreements and incorporate them into a formal judgment. The court granted the motion. The parties explained to the court that, if they were offered the opportunity to meet and confer, they could likely resolve most of the issues in the case, "[o]ther than attorney fees and sanctions." The court permitted the parties to meet and confer off the record.

Once back on the record, the parties advised the court that they had "reached at least the bones of an agreement" on all issues, except for attorney's fees and costs. The court therefore set a briefing schedule on attorney's fees and costs and an April 5, 2024 hearing on the matter as well as an order to show cause regarding entry of judgment.

In further briefing, Rachel continued to argue that she should be awarded attorney's fees under sections 2030 and 271. David argued that although there was a disparity of income, Rachel had enough to pay her own attorney's fees from spousal support, rental income, cash, and home equity. As to the request for attorney's fees sanctions under section 271, David argued that Rachel had failed to give notice of her intent to seek such attorney's fees as sanctions under section 271 and "based on the procedural history and outcome of the case, the court should consider sanctions against [Rachel] in this matter."

4

The minutes for the April 5, 2024 hearing state that the parties were sworn; the court inquired of counsel for both parties; the court was in receipt of the declarations and papers submitted by the parties; the court had read and considered "all pleadings in relation to Family Code Section 271 re: sanctions"; the court "reserve[d] on the issue(s) regarding life insurance"; both counsel presented arguments, and the court took the matter under submission.[5]

Later the same day, the court issued a written ruling on the matter as follows:

> "[Rachel]'s request for attorney fees and/or sanctions pursuant to [section] 271 came on regularly for hearing on April 5, 2024. The Court heard and considered argument of counsel, and considered the pleading file in support of and opposition to the requested order, and took the matter under submission. The Court now rules as follows:
>
> "1. There is no significant disparity of assets available to each party for the retention of counsel. While there is arguably a disparity in income, each party has access to substantial assets that can be used to employ counsel.
>
> "2. Each party has engaged in conduct that has increased the cost of the litigation and delayed the resolution. The Court cannot find that one party is more responsible than the other.
>
> "3. [Rachel] provided inadequate notice of her intention to seek sanctions per [section] 271.
>
> "Accordingly, [Rachel]'s request for attorney fees and/or sanctions is denied."

---

[5] The hearing of April 5, 2024 was unreported and there is no settled statement of what occurred.

The "[order to show cause] re: entry of judgment" was continued after the April 5, 2024 hearing. On May 23, 2024, Rachel filed a notice of appeal from the April 5, 2024 order before entry of judgment.[6]

## DISCUSSION

### A. *Attorney's fees under section 2030*

Rachel contends the trial court erred in denying her request for attorney's fees under section 2030.[7]

#### 1. *Governing law and standard of review*

Section 2030 provides in a marital dissolution proceeding that "the court shall ensure that each party has access to legal representation." The statute further authorizes the court, "if necessary based on the income and

---

[6] The April 5 order is appealable insofar as it constituted an order denying Rachel's request for attorney's fees under section 2030. (See, e.g., *In re Marriage of Nakamoto & Hsu* (2022) 79 Cal.App.5th 457, 468 (*Nakamoto*) [stating that a denial for request for attorney's fees under section 2030 was appealable " 'because it possesses all the elements of a final judgment on the issue of whether a spouse may be able to obtain such fees' "].) Further, even assuming that the April 5 order is *not* appealable insofar as it constituted an order denying Rachel's request for attorney's fees as sanctions under section 271, we take judicial notice that a final judgment was entered on November 26, 2024. Thus, with respect to Rachel's claim that the court erred in denying her request for attorney's fees as sanctions under section 271, we construe the notice of appeal as being from the subsequently entered judgment. (See Cal. Rules of Court, rules 8.100(a)(2), 8.104(d); *Vitkievicz v. Valverde* (2012) 202 Cal.App.4th 1306, 1310, fn. 2.)

[7] We are unpersuaded by David's contention that we should reject Rachel's claim on the ground that she did not request attorney's fees and costs under section 2030 in the trial court. Rachel expressly requested fees under section 2030 at multiple points in the proceedings, including in the March 2024 briefing and accompanying declarations. David, in turn, responded on the merits to Rachel's request by arguing against an award of attorney's fees under section 2030 in his March 19, 2024 brief.

6

needs assessments," to direct that one party pay to the other party or the other party's attorney "whatever amount is reasonably necessary for attorney's fees and for . . . cost[s]." (*Id*., subd. (a)(1).)

Section 2030, subdivision (a)(2) outlines a series of findings that a court shall make in ruling on a request for attorney fees and costs under the statute and provides in relevant part: "[T]he court shall make findings on whether an award of attorney's fees and costs under this section is appropriate, whether there is a disparity in access to funds to retain counsel, and whether one party is able to pay for legal representation of both parties." The statute further mandates, "If the findings demonstrate disparity in access and ability to pay, the court shall make an order awarding attorney's fees and costs." (*Ibid*.)

Section 2032 provides that a "court may make an award of attorney's fees and costs under Section 2030 . . . where the making of the award, and the amount of the award, are just and reasonable under the relative circumstances of the respective parties." (§ 2032, subd. (a).) And, section 2032, subdivision (b) outlines the factors that a court shall take into consideration in determining what is just and reasonable in this context.[8]

---

[8]     Section 2032, subdivision (b) provides: "In determining what is just and reasonable under the relative circumstances, the court shall take into consideration the need for the award to enable each party, to the extent practical, to have sufficient financial resources to present the party's case adequately, taking into consideration, to the extent relevant, the circumstances of the respective parties described in Section 4320. The fact that the party requesting an award of attorney's fees and costs has resources from which the party could pay the party's own attorney's fees and costs is not itself a bar to an order that the other party pay part or all of the fees and costs requested. Financial resources are only one factor for the court to consider in determining how to apportion the overall cost of the litigation equitably between the parties under their relative circumstances."

A trial court is required to make "explicit findings on the three questions set forth in [section 2030]." (*In re Marriage of Morton* (2018) 27 Cal.App.5th 1025, 1051.) Where a trial court fails to make such findings, an appellant is entitled to reversal upon a showing "there is 'a reasonable probability that in the absence of the error, a result more favorable to the appealing party would have been reached.' " (*Ibid*.)

A trial court's decision declining to award attorney's fees and costs under section 2030 is reviewed for abuse of discretion. (*Nakamoto, supra*, 79 CalApp.5th at p. 469.)

2. *Rachel fails to demonstrate any reversible error in the trial court's denial of her request for attorney's fees under section 2030*

Rachel presents two arguments in support of her claim that the trial court erred in denying her request for attorney's fees under section 2030. Neither is persuasive.

First, Rachel argues the trial court "did not include *any* of the mandated, express findings on the record." (Italics added.) Contrary to Rachel's assertion, however, the trial court *did* make explicit findings in denying her request. The court recited the materials and argument it had considered in ruling on Rachel's request for attorney's fees and it expressly denied her request. Thus, the trial court complied with its obligation to determine "whether an award of attorney's fees and costs under [section 2030] is appropriate." (§ 2030, subd. (a)(2).) In addition, the trial court also found "no significant disparity of assets available to each party for the retention of counsel" and the court determined that "[w]hile there is arguably a disparity in income, each party has access to substantial assets that can be

Section 4320 outlines the circumstances a court is to consider in ordering spousal support.

8

used to employ counsel." Thus, the court also complied with its obligation to determine "whether there is a disparity in access to funds to retain counsel." (*Ibid.*) Rachel did not argue in her opening brief why these findings are inadequate or explained how any deficiency in the court's section 2030 findings was prejudicial.

Rachel does contend that "there is no evidence regarding how the court evaluated the parties' financial disparity." However, she cites no authority for the proposition that the trial court was required to explain the basis on which it made its finding that there was no substantial financial disparity warranting an award of attorney's fees. Thus, she has not demonstrated that she is entitled to reversal on the ground that the trial court did not adequately explain the basis for its lack of financial disparity finding.

Second, Rachel asserts that the trial court abused its discretion in declining to award attorney's fees under section 2030 because the evidence "overwhelmingly" supported such an award. However, the trial court reasonably found, based on unchallenged substantial evidence, that each party had access to substantial assets that could be used to obtain counsel. Specifically, David presented evidence of Rachel's recent loan application in which she represented that she had more than $30,000 in checking and savings accounts, anticipated receiving $141,000 in proceeds from the expected sale of real estate, and owned real property with a net value of more than $1,500,000. In addition, Rachel's March 1, 2024 income and expense declaration stated that the estimated fair market value of her assets was approximately $1,600,000, and accompanying documentation showed that she owned several rental properties.[9] Rachel also stated in that declaration

---

[9] David's February 2024 income and expense declaration stated that his average monthly gross income was $17,090, that he had $38,000 in cash or

9

that she had paid her attorneys $92,358.94 as of that date. Rachel fails to address this evidence in her opening brief or demonstrate the unreasonableness of the court's finding that there was "no significant disparity of assets available to each party for the retention of counsel."

Accordingly, we conclude Rachel has not demonstrated that the trial court abused its discretion in declining to award her attorney's fees and costs under section 2030.

B. *Attorney's fees under section 271*

Rachel contends the trial court erred in denying her request for attorney's fees under section 271.

1. *Governing law and standard of review*

Section 271 provides in relevant part: "(a) Notwithstanding any other provision of this code, the court may base an award of attorney's fees and costs on the extent to which any conduct of each party or attorney furthers or frustrates the policy of the law to promote settlement of litigation and, where possible, to reduce the cost of litigation by encouraging cooperation between the parties and attorneys. An award of attorney's fees and costs pursuant to this section is in the nature of a sanction. In making an award pursuant to this section, the court shall take into consideration all evidence concerning the parties' incomes, assets, and liabilities. The court shall not impose a sanction pursuant to this section that imposes an unreasonable financial burden on the party against whom the sanction is imposed. In order to obtain an award under this section, the party requesting an award of attorney's fees and costs is not required to demonstrate any financial need for the award."

---

similar accounts, and that the fair market value of assets that he owned was approximately $150,143.

10

"We review a family court's decision to . . . deny attorney fees under section 271 . . . under an abuse of discretion standard." (*In re Marriage of Tharp* (2010) 188 Cal.App.4th 1295, 1316.)

2. *Rachel fails to demonstrate that the trial court erred in denying her request for attorney's fees under section 271*

As noted above, in its order denying Rachel's request for attorney's fees and costs, the trial court made two express findings pertaining to Rachel's request under section 271:

> "2. Each party has engaged in conduct that has increased the cost of the litigation and delayed the resolution. The Court cannot find that one party is more responsible than the other.

> "3. [Rachel] provided inadequate notice of her intention to seek sanctions per [section] 271."

In her opening brief, Rachel contends that "[b]y finding that Rachel 'provided inadequate notice' of her intent to seek sanctions under section 271, the court *avoided analyzing and making any findings* regarding whether the conduct complained of by Rachel constituted conduct warranting the imposition of sanctions." (Italics added.)

That is not correct. In addition to finding that Rachel had provided inadequate notice, the trial court denied her request for fees under section 271 on the separate ground that neither party was more responsible for the cost and delay of the litigation than the other. Yet, in her opening brief, Rachel does not contest, in any manner, this alternative ground for denying her request for fees under section 271. Accordingly, she has forfeited any challenge to the correctness of the court's section 271 ruling. (See, e.g., *Briley v. City of West Covina* (2021) 66 Cal.App.5th 119, 133 ["Because this

11

ground was an independent basis supporting the court's ruling, the [appellant's] failure to discuss it forfeits its challenge to the ruling"].)

Rachel does argue in her opening brief that the court "ignored" substantial evidence of David's obstructive conduct. (Boldface and capitalization omitted.) However, absent any indication to the contrary, we must presume that the court considered this evidence but found that it did not justify an award of attorney's fees under section 271 in light of the court's finding that neither party was more responsible than the other for delaying the litigation. (See, e.g*., In re Marriage of Cochran* (2001) 87 Cal.App.4th 1050, 1056 [" 'All issues of credibility are for the trier of fact, and all conflicts in the evidence must be resolved in support of the judgment. [Citation.] The trial court's judgment is presumed to be correct on appeal, and all intendments and presumptions are indulged in favor of its correctness.' "].)

In her *reply* brief, Rachel belatedly acknowledges that "[t]he trial court denied sanctions on the ground" that neither party was more responsible than the other for the costs of the litigation and the delay in its resolution. However, Rachel argues that the trial court's finding in this regard is "not supported by the record." This argument fails because it is improperly presented for the first time on reply without explanation. (See, e.g., *Dameron Hospital Assn. v. AAA Northern California, Nevada & Utah Ins. Exchange* (2022) 77 Cal.App.5th 971, 982 (*Dameron*) ["the rule is that points raised in the reply brief for the first time will not be considered, unless good reason is shown for failure to present them before"].)

Forfeiture is particularly appropriate in this case, since, in his March 2024 brief on attorney's fees, David pointed to evidence pertaining to Rachel's conduct in the litigation in arguing against the imposition of attorney's fees

12

as sanctions under section 271.  Specifically, David argued that Rachel had: (1) delayed making a Code of Civil Procedure 664.6 motion to enter judgment on the parties' agreements for several years until David and his counsel had prepared for a trial on issues that would otherwise have been resolved; (2) requested a vocational evaluation and propounded discovery that would have been pointless if the agreements were enforced; or (3) prepared a proposed judgment that did not conform to the parties' agreements.  By failing to raise the issue in her opening brief, Rachel deprived David of the opportunity to argue on appeal that this evidence supported the trial court's finding that she was equally responsible for the delay in the litigation's resolution.  (See *Dameron, supra*, 77 Cal.App.5th at p. 982 [" 'Obvious considerations of fairness in argument demand that the appellant present all of his points in the opening brief.  To withhold a point until the closing brief would deprive the respondent of his opportunity to answer it or require the effort and delay of an additional brief by permission.' "].)

Accordingly, we conclude that Rachel has not demonstrated that the trial court erred in denying her request for attorney's fees as sanctions under section 271.[10]

---

[10]    In light of our conclusion that the trial court's denial of Rachel's request for attorney's fees under section 271 may be affirmed on the ground discussed in the text, we need not consider whether the trial court properly denied Rachel's request on the ground that she had provided inadequate notice of her intention to seek such fees.

## DISPOSITION

The April 5, 2024 order and November 26, 2024 judgment are affirmed. David is entitled to recover costs on appeal.

BUCHANAN, J.

WE CONCUR:

McCONNELL, P. J.

CASTILLO, J.