Filed 4/21/26  Cotton v. Geraci CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| DARRYL COTTON,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>LAWRENCE GERACI,<br><br>    Defendant and Respondent. | D084992<br>(Super. Ct. No.<br>37-2022-00000023-CU-MC-CTL)<br><br>**ORDER MODIFYING OPINION AND DENYING REHEARING**<br><br>**NO CHANGE IN JUDGMENT** |

THE COURT:

It is ordered that the above opinion, filed March 25, 2026, be modified to add the following new footnote 5 after the last sentence of the top paragraph on page 8 that ends with the words "final judgment in the prior action":

> In his petition for rehearing, Cotton explains that he believes he was denied a fair adversary hearing in *Cotton I* precisely *because* Judge Wohlfeil was not a neutral decision maker.  But his "integrated" theory misses the point.  The remedy for the wrong he alleges was to appeal the *Cotton I* Judgment, not to file an independent action, and nowhere does he suggest that he could not have received a fair hearing on appeal.

> The petition for rehearing is denied.

> There is no change in judgment.

MCCONNELL, P. J.

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| DARRYL COTTON, | D084992 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 37-2022-00000023-CU-MC-CTL) |
| LAWRENCE GERACI, | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of San Diego County, James A. Mangione, Judge.  Motions to augment denied.  Request for judicial notice denied.  Affirmed.

Darryl Cotton, in pro. per., for Plaintiff and Appellant.

Law Offices of James D. Crosby, James D. Crosby and Tereza L. Callender, for Defendant and Respondent.

This appeal represents another chapter documenting the challenges faced by self-represented litigants attempting to navigate the sometimes-complex procedural requirements of the California legal system. Plaintiff Darryl Cotton was sued on breach of contract claims by defendant Lawrence Geraci in a prior action (*Cotton I*). Cotton made two arguments that he continues to pursue in the current action: (1) that the contract Geraci sought to enforce was illegal; and (2) that the trial judge in *Cotton I* made statements indicating a bias against Cotton.

After Geraci prevailed in *Cotton I,* Cotton filed an appeal that was later dismissed due to his failure to properly designate the appellate record. He then filed this action in the superior court, seeking to vacate the now-final judgment in *Cotton I*. The trial court ultimately denied his motion and dismissed the second action. Because Cotton does not satisfy the narrow requirements for an independent equitable action to vacate a judgment, we are obliged to affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Following certain changes in California law, defendant Lawrence Geraci developed plans to open a medical marijuana dispensary. Plaintiff Darryl Cotton owned a piece of property that Geraci thought might be suited to his planned endeavor, and they engaged in negotiations for the sale of the property. After a dispute arose, Geraci sued Cotton for breach of contract and related claims in *Cotton I*. Among other things, Cotton argued that the alleged contract Geraci sought to enforce was illegal. Judgment was ultimately entered in favor of Geraci in August 2019 (the *Cotton I* Judgment). The court later denied Cotton's motion for a new trial. Cotton filed a notice of appeal (*Geraci v. Cotton*, D077081), but the appeal was dismissed in

2

February 2020 based on Cotton's failure to timely designate the record (Cal. Rules of Court, rule 8.121(a)) and deposit costs (*id.*, rules 8.122(c), 8.130(b), 8.140).[1]

In January 2022, Cotton filed a new action in superior court that forms the basis for this appeal. It was captioned a "Verified Complaint in Equity to Set Aside Void Judgment" (*Cotton II*). The "void judgment" he sought to set aside was the August 2019 *Cotton I* Judgment. Shortly after the action was initiated, Cotton filed an unsuccessful motion to set aside the *Cotton I* Judgment based on the alleged illegality of the underlying contract on which the judgment was based. He tried to appeal that ruling, but the appeal was dismissed on September 6, 2022 "on the ground that it is taken from a nonappealable order."

There appears to have been little activity in *Cotton II* for the next 18 months. Then in April 2024, Cotton filed another motion to set aside the *Cotton I* Judgment.[2] He continued to argue that judgment was void because it "enforces an illegal contract whose object is defendant Geraci's ownership of a cannabis conditional use permit . . . that he is barred from owning because he has been sanctioned for unlicensed cannabis activities." Once again, the trial court rejected this argument. Citing *Kachig v. Boothe* (1971) 22 Cal.App.3d 626 (*Kachig*), the court explained that " '[a] direct attack on an otherwise final, valid judgment by way of an independent action to set it aside is permitted where it appears that the complaining party was fraudulently prevented from presenting his claim or defense in the prior

---

[1] On the court's own motion, we take judicial notice of our files in appeal Nos. D077081 and D080460.

[2] The motion was captioned "Notice of and Ex Parte Application (1) to Vacate Void Judgment and Court Referral to the Department of Justice."

action.' " (See *id.* at p. 632.)  In contrast here, the court found that Cotton "was not precluded from presenting his illegality argument to the court" in *Cotton I.*  "Consequently," in the court's view, relief was "not available pursuant to a direct attack against the judgment via independent action." The court's minute order dismissed the case with prejudice.  It later denied Cotton's motion for reconsideration.

## DISCUSSION

The primary issue in this appeal is procedural:  Having failed to appeal the adverse judgment in *Cotton I,* can Cotton attack it in a separate and independent equitable action arguing that the contract it sought to enforce was illegal?  But before we can resolve that question, we must first address a preliminary procedural matter.

### A.    *Appealability*

Cotton filed two motions to set aside the *Cotton I* Judgment in the *Cotton II* action.  Both were denied, but no final judgment was ever entered by the superior court.  Nonetheless, the court's July 12, 2024 signed minute order, from which Cotton purports to appeal, explains that "[t]he case is dismissed with prejudice."

Although it is preferable to conclude a case with the filing of a document labeled as a "judgment," Code of Civil Procedure section 581d provides that "[a]ll dismissals ordered by the court shall be in the form of a written order signed by the court and filed in the action and those orders when so filed *shall constitute judgments* and be effective for all purposes . . . ." (Italics added.)  The July 12, 2024 minute order met all the requirements of Code of Civil Procedure section 581d and accordingly amounts to a final appealable judgment.  (See *City of Los Angeles v. City of Los Angeles Employee Relations Bd.* (2016) 7 Cal.App.5th 150, 157; accord, *Vitkievicz v.*

4

*Valverde* (2012) 202 Cal.App.4th 1306, 1310, fn. 1 ["A signed order of dismissal is an appealable judgment"].)

## B. *Independent Equitable Relief*

As we previously noted, after he was the subject of an adverse judgment on Geraci's contract claims in *Cotton I,* Cotton filed a notice of appeal but ultimately did not designate the record or brief any legal arguments, and the appeal was dismissed. He nonetheless asserts he is entitled to challenge the *Cotton I* Judgment in a new and independent equitable action he filed, the sole purpose of which was to vacate that judgment. He believes such an independent action is permissible whenever losing party in the first action claims the judgment is "void." In this case, Cotton asserts the *Cotton I* Judgment is void because the contract on which it was based is illegal. He also argues that the trial judge in *Cotton I*— Judge Wohlfeil—should have been disqualified, and this likewise renders the judgment void.

Under California law, an independent equitable action seeking to vacate an existing judgment is considered a *direct* attack on that judgment. (*Bennett v. Hibernia Bank* (1956) 47 Cal.2d 540, 558.) But in contrast to other methods of direct attack—such as a motion to vacate the judgment or a direct appeal of the judgment in the original action—the grounds for such an independent attack are exceedingly limited. To warrant relief in an independent action, the affected party must show that he was "denied a fair adversary hearing because he has been 'deliberately kept in ignorance of the action or proceeding, or in some other way fraudulently prevented from presenting his claim or defense." (*Kulchar v. Kulchar* (1969) 1 Cal.3d 467, 471; accord 8 Witkin, Cal. Procedure (2021) Attack on Judgment in the Trial Court, § 222.) If there was fraud or mistake, it must be "extrinsic or

5

collateral to the questions examined and determined in the action" that prevented the party "from having a trial." (*Kachig, supra,* 22 Cal.App.3d at p. 633.) A claimed "lack of jurisdiction" must refer to jurisdiction in the fundamental sense—personal jurisdiction over a party or subject matter jurisdiction over the dispute. (*Lee v. An* (2008) 168 Cal.App.4th 558, 565–566; see generally *Abelleira v. District Court of Appeal* (1941) 17 Cal.2d 280, 288.)

Cotton's assertion that the judgment against him for breach of contract was void due to illegality does not create an exception that permits relief by way of an independent equitable action. Cotton was not denied "a fair adversary hearing" in *Cotton I.* He was in no way prevented from presenting his illegality defense to Geraci's breach of contract claims.[3] He litigated that issue in *Cotton I* and lost. His remedy was to appeal the *Cotton I* Judgment and argue why the trial court erred. Even if his substantive arguments regarding illegality were entirely correct, Cotton would demonstrate at most an error of law by the trial court. It would not establish that the court lacked jurisdiction to enter the judgment. Indeed, a judgment based on an illegal contract is void only where the illegality appears on the face of the judgment itself. (See *Signal Oil & Gas Co. v. Ashland Oil & Refining Co.* (1958) 49 Cal.2d 764, 778 [a judgment enforcing an allegedly illegal contract "is not invalid merely because the court decided that question erroneously in the first instance and it was subsequently determined that the contract was illegal and void"].) Here, Cotton points to nothing on the face of the *Cotton I*

---

[3] As Cotton himself characterized it, his "claim of Geraci being unable to lawfully operate a cannabis business because of the judgments against him sanctioning [him] for operating three illegal dispensaries was constantly raised during the course of the *Cotton I* litigation."

Judgment that demonstrates the illegality of the contract on which Geraci's claim was based.

Cotton's allegations of judicial bias by the trial judge in *Cotton I* likewise provide no basis for an independent action in equity to vacate that judgment. As a general rule, a litigant who believes a judge should be disqualified on grounds of actual or apparent bias must follow the disqualification procedures provided for in Code of Civil Procedure section 170.1. These procedures require a disqualification request "at the earliest practicable opportunity after discovery of the facts constituting the ground for disqualification." (*Id.*, § 170.3, subd. (c)(1).) The denial of such a motion can only be reviewed on a petition for writ of mandate filed "within 10 days after service of written notice of entry of the court's order determining the question of disqualification" (*id.*, § 170.3, subd. (d); see *People v. Panah* (2005) 35 Cal.4th 395, 444), and the failure to seek immediate writ review generally forfeits any argument based on the statutory disqualification factors. (*People v. Freeman* (2010) 47 Cal.4th 993, 1000 (*Freeman*).)

Cotton argues that in some circumstances, a claim of judicial bias may be raised for the first time on appeal. And it is true that in rare circumstances, a showing of the "probability of actual bias" by the court that entered a judgment may constitute a basis to claim a violation of due process on appeal from *that* judgment. (*Freeman, supra*, 47 Cal.4th at pp. 1000–1001.) But Cotton is not appealing the *Cotton I* Judgment. Nor does he allege he was denied a reasonable opportunity to make his disqualification motion in the *Cotton I* proceedings. Indeed, he could not make such a claim. Cotton's motion to augment the record on this appeal contains a copy of the verified statement of disqualification that he filed in *Cotton I* seeking the

7

disqualification of Judge Wohlfeil.[4] When his disqualification motion was denied, Cotton did not file a petition for writ of mandate in this court pursuant to Code of Civil Procedure section 170.3. Neither did he appeal from the final judgment and argue he was denied due process. He cites no authority, and we are aware of none, that would permit a litigant to wait and file a new and independent equitable action to raise a disqualification issue that could have been reviewed in a statutory mandate proceeding or on appeal from the final judgment in the prior action.

## DISPOSITION

The judgment is affirmed. Respondent to recover his costs on appeal.


DATO, J.

WE CONCUR:


McCONNELL, P. J.


CASTILLO, J.

---

[4] We deny both the motion to augment the record and the supplemental motion to augment on the ground that they contain irrelevant material that, in many cases, was not before the trial court. On the court's own motion, we take judicial notice of the fact that Cotton filed a statement of disqualification against Judge Wohlfiel in *Cotton I*. At the same time, we deny Cotton's request for judicial notice because it consists of material relevant, if at all, to the merits of Cotton's illegality argument, an issue we do not address.